Mrs. Mary DOE, Individually, and on behalf of her minor dependent children and in behalf of all others similarly situated, Plaintiff,

v.

Edwin FLOWERS, Commissioner of the West Virginia Department of Welfare, Defendant.

Jane DOE, Individually, and on behalf of her infant children, Helen, et al., Plaintiffs,

v.

Edwin F. FLOWERS, Commissioner of the West Virginia Department of Welfare, Individually and in his official capacity, Defendant.

Civ. A. Nos. 70–101–E, 72–6–E.

United States District Court,
N. D. West Virginia,
Elkins Division.

Argued Sept. 18, 1973.

Decided Oct. 19, 1973.

M. E. Mowery, Jr., Fairmont, W.Va., and Larry V. Starcher, Morgantown, W. Va., for plaintiffs in No. 70–101–E.

Naomi W. Cohen, Charleston, W.Va., for plaintiff in No. 72–6–E.

James G. Angerson, III, Sp. Asst. Atty. Gen., Charleston, W.Va., for defendants in Nos. 70–101–E and 72–6–E.

Before BOREMAN, Senior Circuit Judge, FIELD, Circuit Judge, and MAXWELL, District Judge.

PER CURIAM:

These two class actions which were consolidated for hearing challenge the validity of Section 56242 of the West Virginia Department of Welfare Assistance Payments Manual.[1] This regulation requires unmarried mothers of applicants and recipients of Aid to Families with Dependent Children to cooperate with the welfare authorities by identifying the putative fathers of the children and initiating support or paternity proceedings against them. The only exceptions to the requirement that the mother identify the father are in those cases where (1) the mother is an incompetent, (2) the father is an unknown rapist, or (3) the child is over three years of age and there is no evidence of paternity which could be used in court. Under the regulatory pattern if the mother identifies the father, she then has thirty days in which she must obtain the father's notarized consent to support the child or file a bastardy warrant against the putative father or seek the advice of the prosecuting attorney and institute such action as he may recommend.

These actions were brought by Mary Doe[2] and Jane Doe and others, individually, and on behalf of their minor dependent children who are applicants or former recipients of assistance under the AFDC program and who have been denied aid solely because their mothers have refused to take the action required by Section 56242. Since the plaintiffs claim to sue on behalf of all others similarly situated, they concede that they must show that "the class is so numerous that joinder of all members is impracticable" Fed.R.Civ.P. 23(a)(1). While they have offered the court nothing more definitive than speculative and conclusory representations relative to the size of the class involved, nevertheless, since the only relief sought for the class is injunctive and declaratory in nature, we will permit the action to proceed as a class action with respect to that limited relief.[3] In this context we think that the adoption of the challenged regulation by defendants justifies a reasonable inference on our part that the class of individuals subject to its provisions is substantial enough to make joinder impracticable.

Plaintiffs attack the regulation as violative of the Equal Protection Clause of the Fourteenth Amendment; of the Fifth Amendment right against self-incrimination; and of the due process right of "integrity of the family".

1. At the time these actions were instituted Section 67200 of the West Virginia Department of Welfare Eligibility Manual (the predecessor of Section 56242) was in effect and the complaints were directed against it. That regulation provided in relevant part: "If the parent is unwilling to cooperate in exploring the possibility of support from the absent parent, the service worker will notify the Eligibility Specialist to close the case."

The practical administrative application of Section 67200 was the same as the present regulation, and since the plaintiffs are now being denied assistance pursuant to Section 56252, the validity of the current regulation will be the subject of our disposition.

2. Because of the special circumstances of these cases some plaintiffs sue under fictitious names.

3. Plaintiffs have likewise failed to provide any notice to other members of the alleged class, arguing that none is required in a Rule 23(b)(2) class action for injunctive or declaratory relief. However, they ignore this court's discretion to require notice pursuant to Rule 23(d)(2). In view of their insistence that the viability of the class action be determined before the three-judge court, it would have been prudent to give some notice to other members of the class represented by them. For purposes of this decision the class shall be defined as all applicants for and former recipients of AFDC whose aid has been denied or reduced because of the mother's refusal to comply with the challenged regulation.

They also assert that the regulation is incompatible with the Social Security Act, 42 U.S.C. §§ 601–610. Pursuant to 42 U.S.C. § 1983 declaratory and injunctive relief is sought for the class and, additionally, the named plaintiffs ask for retroactive payments of AFDC assistance which they allege were wrongfully denied them by the West Virginia Department of Welfare.

Since plaintiffs challenge the state regulatory provision on federal constitutional grounds and seek to enjoin its enforcement, a three-judge court was convened pursuant to 28 U.S.C. § 2281 and § 2284, and jurisdiction is appropriate under 28 U.S.C. § 1343(3) and (4). We are satisfied that substantial constitutional questions are raised by the complaint; however, since we find merit in the claims based on federal statutory grounds, we do not reach the constitutional issues. King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

The defendants maintain that their denial of aid to the plaintiffs is not only authorized but required by the federal statute which provides that the state implement a program under which the state agency will undertake "in the case of a child born out of wedlock who is receiving aid to families with dependent children to establish the paternity of such child and secure support for him." 42 U.S.C. § 602(a)(17)(A)(i). While we concede the obligation placed upon the state, we are of the opinion that the method adopted by it is inappropriate and incompatible with the basic eligibility considerations of the Act. The Congress has imposed only two eligibility requirements; they are "need" and "dependency," and the challenged regulation imposes an additional eligibility requirement which is clearly contrary to the congressional intent underlying the AFDC program.

With few exceptions the courts who have had occasion to consider regulations similar to the one presently before us have concluded that they were incompatible with the Act. One of the first of these was Doe v. Shapiro, 302 F. Supp. 761 (D.C.Conn.1969). In a well reasoned opinion the court in that case held the regulation invalid, stating:

"Although the state argues with considerable force that the Social Security Act requires it to take affirmative steps to ascertain paternity in the case of illegitimate children receiving AFDC assistance, we do not think that 42 U.S.C. § 602(a)(17)(A)(i) was ever intended to allow a state to disqualify an otherwise eligible child on the basis of its mother's refusal to name the father, and we do not think that a close reading of that provision will support the interpretation urged by the state. We hold, therefore, that the challenged regulation is invalid on the ground that it imposes an additional condition of eligibility not required by the Social Security Act."

Subsequent to the filing of these actions, the decisions of three courts who had adopted the *Shapiro* rationale have been affirmed per curiam by the Supreme Court. Meyers v. Juras, 327 F. Supp. 759 (D.Ore.1971), affirmed per curiam, 404 U.S. 803, 92 S.Ct. 91, 30 L. Ed.2d 39; Taylor v. Martin, 330 F.Supp. 85 (N.D.Cal.1971), affirmed per curiam sub nom., Carlson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364, and Doe v. Swank, 332 F.Supp. 61 (N.D.Ill. 1971), affirmed per curiam sub nom., Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539.

In the light of these authorities, we hold that Section 56242 of the West Virginia Department of Welfare Assistance Payments Manual is violative of the federal statutory requirement that aid be "furnished with reasonable promptness to all eligible individuals," 42 U.S.C. § 602(a)(10), and is invalid. Accordingly, the defendants will be enjoined from denying or discontinuing AFDC assistance to members of the class in this action on the basis that they have failed to meet the requirements of the subject regulatory section. While we grant the declaratory and injunctive relief prayed

for in the complaint, we must deny the claim of the plaintiffs for an award of retroactive payments which were denied them by the Department under the subject regulation. In the recent case of Dawkins et al. v. Craig et al., 1973, 483 F.2d 1191, the Fourth Circuit held that the Eleventh Amendment prohibits the Federal Courts from entertaining jurisdiction of suits for retroactive AFDC payments and that decision is controlling in this case.