Rafael A. PABON, on behalf of himself
and all other persons similarly
situated, Plaintiffs,

v.

Louis J. LEVINE, Individually and in his
official capacity as Industrial Commis-
sioner of the State of New York, et al.,
Defendants.

No. 75 Civil 1067.

United States District Court,
S. D. New York.

March 15, 1976.

Oscar Garcia-Rivera, Herbert Teitelbaum,
Manuel del Valle, Richard J. Hiller, Puerto

Rican Legal Defense & Education Fund, Inc., New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for defendants; George D. Zuckerman, Judith T. Kramer, Arnold D. Fleischer, Asst. Attys. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff is a citizen of the United States who was born in Puerto Rico and who is fluent in Spanish, but who, according to his complaint, "speaks virtually no English and cannot read, nor write English." He claims that he was unlawfully deprived of unemployment insurance benefits by defendants, officials of the State of New York and the State Department of Labor, because all materials pertaining to his right to assert his claim for such benefits and to appeal from an adverse decision were printed in English. The claim, which is also advanced on behalf of all other persons similarly situated, is predicated upon an alleged violation of rights under the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and under 42 U.S.C., section 2000d, and regulations promulgated thereunder.[1]

In broad terms the complaint alleges that Puerto Rican and other Hispanic persons who have applied or will apply for unemployment benefits and who, by reason of their English language difficulties, are prevented from understanding documents and notices issued by the defendants in English only, are deprived of their rights to unemployment benefits and discriminated against by defendants, who print the documents in the English language and fail to provide an adequate number of interpreters.

Insofar as the individual plaintiff is concerned, the objective facts as alleged in the complaint may be briefly stated. He alleges that he applied for unemployment insurance benefits; that he received notices of denial of his claim which were written in the English language, which he did not understand and which were not explained to him; that he had no way of knowing that to preserve his rights he was required to request a hearing before the Unemployment Insurance Referee within thirty days of the receipt of the notices; that the Unemployment Insurance Referee Section held that since his request for a hearing had been untimely it was without jurisdiction to review plaintiff's claim; and that upon appeal the Referee's decision on the jurisdictional ground was upheld. Thus, plaintiff has never had a hearing on the merits of his claim, and he alleges that he was deprived of his unemployment insurance benefits "because the English language notice of his rights was incomprehensible to him."

*Defendants' Motion for Summary Judgment*

■ The defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. They make a two-pronged argument. First, they assert that "[i]n fact, plaintiff participated in the unemployment insurance system successfully." In support they have filed, as required by Local Rule 9(g), a statement of material facts which they claim are undisputed.[2] Here defendants list a number of factual matters relating to the filing and processing of plaintiff's claim from its inception to ultimate denial. However, plaintiff has responded and challenged the accuracy of many of these crucial facts. Thus, although plaintiff admits that he signed various forms, he denies that he understood what he was signing, since the forms were all printed in English. Further, he denies that the notice of a thirty-day limit on his time to appeal was read or explained to him by his daughter. He disputes that he testified at the Referee's hearing that he did not file in time because he expected a favorable

---

1. 29 C.F.R. §§ 31.1–.12 (1975).

2. "[T]here shall be annexed to the motion a separate short and concise statement of materi-

al facts as to which the moving party contends there is no genuine issue to be tried."

decision on a pending union arbitration proceeding. Rather, he claims that he testified that "he did not understand the procedures of the unemployment insurance system, and, in particular, the 30 day appeal period requirement." Finally, plaintiff asserts that he never received any of the literature printed in Spanish, which defendants claim was available, and denies defendants' statement that there are 197 Spanish-speaking employees in the Unemployment Insurance Division in the metropolitan area. Thus, despite defendants' contention to the contrary, the case bristles with disputed issues of fact as to whether the events relating to the processing of plaintiff's claim and procedures and practices employed by defendants with respect to non-English speaking claimants denied plaintiff an effective right of review of the denial of his claim for benefits. This aspect of the motion for summary judgment must be denied.[3]

However, defendants alternatively seek summary judgment on the ground that "[n]either the Constitution of the United States nor any state or federal statute requires the Division to conduct its business or any portion thereof in Spanish or any other foreign language in order to accommodate non-English speaking persons." Plaintiff, to sustain his constitutional claim, relies upon the equal protection and due process clauses of the Fourteenth Amendment. To sustain his statutory claim, he relies on section 601 of Title VI of the Civil Rights Act of 1964.[4]

It is unnecessary to consider at this time plaintiff's constitutional claim, since plaintiff's claim under the Civil Rights Act of 1964 is substantial and presents a genuine issue of material fact which forecloses summary judgment.[5]

Section 601 of the Act bans discrimination "on the ground of race, color, or national origin" in "any program or activity receiving Federal financial assistance." Defendant New York State Department of Labor is a recipient of such federal funds in its role of administrator of the state's unemployment insurance program. Plaintiff alleges that "defendants' failure to employ sufficient numbers of Spanish-speaking personnel . . . and . . . their failure to print and provide bilingual applications, forms . . . [and] notices" has a "discriminatory impact" on him and others, and therefore violates the statute.

The recent Supreme Court decision in *Lau v. Nichols*[6] gives strong support to plaintiff's claim. In *Lau,* the Court held the failure of a school system to provide non-English speaking Chinese students with English language instruction or to provide them with other adequate instructional procedures denied them a meaningful opportunity to participate in the public educational program and thus was a violation of section 601.

The Court anchored its opinion to the regulations and guidelines promulgated by the Department of Health, Education, and Welfare to effectuate section 601 in the context of federally assisted school systems. The regulations relied upon by the Court are virtually identical to those established by the Department of Labor to carry out the purpose of section 601 in federally assisted labor programs such as the program which is the subject of plaintiff's claim. Thus, the Court quoted HEW regulation 45 C.F.R. § 80.3(b)(1), which specifies that recipients of federal aid may not

"(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

.     .     .     .     .

3. *Cf. Heyman v. Commerce & Indus. Ins. Co.,* 524 F.2d 1317 (2d Cir. 1975).

4. 42 U.S.C. § 2000d.

5. *See Lau v. Nichols,* 414 U.S. 563, 566, 94 S.Ct. 786, 788, 39 L.Ed.2d 1, 4 (1974). *Cf. United States v. Powell,* 423 U.S. 87, 96 S.Ct. 316, 46

L.Ed.2d 228, 44 U.S.L.W. 4010 (1975); *Dandridge v. Williams,* 397 U.S. 471, 475–76, 90 S.Ct. 1153, 1156–57, 25 L.Ed.2d 491, 496–97 (1970).

6. 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974).

"(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program." [7]

These regulations are identical to Department of Labor regulations as to recipients of federally assisted labor programs.[8]

The Court further quoted the HEW regulation that a recipient

"'may not . . . utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination' or have 'the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin,'" [9]

which is identical to the Department of Labor regulation on this subject.[10]

Relying essentially on these three HEW regulations, the Court held that "[d]iscrimination is barred which has that *effect* even though no purposeful design is present," [11] and further stated that:

"It seems obvious that the Chinese-speaking minority receive fewer benefits than the English-speaking majority from respondents' school system which denies them a meaningful opportunity to participate in the educational program—all earmarks of the discrimination banned by the regulations." [12]

■ Applying the Supreme Court's reasoning in *Lau* to the instant case, this Court finds that plaintiff, under his allegations that the Spanish, non-English speaking minority receive fewer benefits than the English-speaking majority from the unemployment benefits program, states a claim of discrimination upon which relief may be granted under the Department of Labor

regulations promulgated to effectuate section 601 as applied to federally assisted labor programs.

Defendants, however, argue that summary judgment is nonetheless warranted because plaintiff has failed to satisfy the test adopted by the Tenth Circuit in *Serna v. Portales Municipal Schools* [13] that "only when a substantial group is being deprived . . . will a Title VI violation exist." While this Court agrees that "numbers are at the heart of [the] case," [14] whether a "substantial group" exists here is a disputed fact issue, the determination of which must await trial. Accordingly, defendants' motion for summary judgment is denied for failure to demonstrate that there are no genuine issues of material fact.

*Plaintiff's Motion for Class Certification*

The Court's decision on plaintiff's motion for class action certification also turns upon the number of individuals who ultimately will be found to be included in the class. Plaintiff seeks to represent a class of all

"Puerto Rican and other Hispanic persons who have applied or will apply for unemployment benefits and, who, by reason of their English language difficulties, are prevented from understanding formal documents and notices promulgated by the defendants in only the English language and from otherwise communicating with Department personnel."

At present, plaintiff has not established that there are, as he alleges, "thousands" of persons who have been handicapped to the point of injury by their inability to speak English in their dealings with defendants. If, as defendants contend, defendants "provide extensive assistance to Spanish speak-

---

**7.** 414 U.S. at 567, 94 S.Ct. at 789, 39 L.Ed.2d at 5.

**8.** *See* 29 C.F.R. § 31.3(b)(1)(ii) (1975), 29 C.F.R. § 31.3(b)(1)(iv) (1975).

**9.** 414 U.S. at 568, 94 S.Ct. at 789, 39 L.Ed.2d at 5, *quoting* 45 C.F.R. § 80.3(b)(2).

**10.** *See* 29 C.F.R. § 31.3(b)(2) (1975).

**11.** 414 U.S. at 568, 94 S.Ct. at 789, 39 L.Ed.2d at 5 (emphasis original).

**12.** *Id.*

**13.** 499 F.2d 1147, 1154 (10th Cir. 1974).

**14.** *Lau v. Nichols,* 414 U.S. 563, 572, 94 S.Ct. 786, 791, 39 L.Ed.2d 1, 8 (1974) (Blackmun, J., concurring).

ing persons," [15] the class may be quite small indeed. This is highlighted by the circumstance that this action was commenced by a different plaintiff purporting to assert class action claims. It developed he had not been deprived of his rights, as alleged. Thereupon the action was dismissed as to that plaintiff and the complaint amended to substitute the present plaintiff, who adopted the prior plaintiff's allegations with respect to the class action claims. This Court cannot now find that Rule 23(a)(1), which requires that "the class [be] so numerous that joinder of all members is impracticable" for a class action to be maintainable, is satisfied.

█ The motion for class action certification is denied without prejudice to renewal.

---

15. Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification, p. 9.