Malcolm DuPREE, Edward Gilder, Thomas Wheeler, Harold Mathews, Joe Williams, Roland Jefferson, Samuel S. Harris, John Sonson, D. Ann Robinson, Jim E. Cunningham, King Slater, James Upshaw, and James Robinson, individually and on behalf of all others similarly situated, Plaintiffs,

v.

E. J. BRACH AND SONS, DIVISION OF AMERICAN HOME PRODUCTS CORPORATION, a corporation, Defendant.

No. 75 C 1545.

United States District Court, N. D. Illinois, E. D.

Sept. 23, 1977.

Judson H. Miner, Davis, Miner & Barnhill, Chicago, Ill., for plaintiffs.

James G. Davis, Richard R. Pace, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

This lawsuit is brought as a class action for declaratory, injunctive and monetary relief on behalf of all blacks who have sought promotions or transfers at defendant E. J. Brach and Sons and who allegedly have been passed over in favor of white employees with lesser experience and qualifications. Suit is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (1970 & Supp. IV 1974) and 42 U.S.C. § 1981 (1970). Before the court are two motions. Defendant moves for partial summary judgment. Fed.R. Civ.P. 56(d). Plaintiffs seek certification of a class of black employees of the defendant who because of their race either have been promoted at a slower rate than whites or have been denied transfers. Fed.R.Civ.P. 23(c). For the reasons stated *infra*, both motions are granted.

Defendant seeks judgment for all claims arising before December 30, 1973 brought under Title VII on the ground that they did not accrue within 180 days of filing a complaint with the EEOC as required by statute. 42 U.S.C. § 2000e–5 (1970 & Supp. IV 1974).[1] Defendant argues that as a consequence the court is without jurisdiction to consider the claims. Additionally, defendant moves for partial summary judgment on all section 1981 claims which arose be-

---

1. The plaintiffs' EEOC charge was filed June 27, 1974.

fore May 15, 1970 on the ground that such claims did not arise within five years of filing the action and as a consequence are barred by the relevant statute of limitations. Ill.Rev.Stat. ch. 83, § 16 (1975).

Defendant has offered an affidavit which indicates that between December 23, 1962 and December 22, 1974, E. J. Brach promoted 29 individuals to supervisory positions. Seventeen promotions occurred before May 15, 1970 and therefore actions with respect to them would be barred under section 1981. Twenty-four promotions which were awarded before December 30, 1973 would be barred under Title VII.

■ As to plaintiffs' Title VII claim, it should be noted that filing a timely charge with the EEOC is a jurisdictional prerequisite to suit under Title VII. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4, 97 S.Ct. 1885, 1887 n. 4, 52 L.Ed.2d 571 (1977); *Alexander v. Gardener-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Plaintiffs argue invocation of jurisdiction over the 24 promotions before December 30, 1973 is justified because the alleged discriminatory promotions constituted continuing violations and hence were not controlled by any limitation period. Specifically, plaintiffs argue they continue to feel the effects of the alleged discrimination in that differences in wages or fringe benefits are a concrete, present effect of the past discriminatory denial of promotion. Plaintiffs argued that *Evans* was controlling in this case. As a consequence, the court delayed ruling on this motion pending resolution of *Evans* in the Supreme Court.

Although the court does not agree with the plaintiffs that *Evans* is factually "indistinguishable" from the present case, it is clear that it is controlling here. In *Evans*, plaintiff, an airlines flight attendant, claimed that she was forced into retirement in 1968 due to defendant's nonmarriage policy. After the defendant discontinued this policy, plaintiff applied for a position and was reinstated as a new employee. She made her complaint to the EEOC in February, 1973. She then filed suit for seniority and back pay she lost as a result of her resignation. Plaintiff argued that the refusal by her employer to credit her with seniority constituted a present, continuing violation of Title VII.

The Supreme Court held in favor of the defendant. The Court noted that failure to conform with the filing requirements of the statute renders the discriminatory act equivalent to a discriminatory act before the passage of the statute. Assuming that the defendant's seniority system had a continuing effect on the plaintiff's pay and benefits, the Court noted that the central question to be considered is when the initial violation occurred—not its continuing effects. "[T]he emphasis should not be placed on mere continuity; the critical question is whether any present *violation* exists." 431 U.S. at 558, 97 S.Ct. at 1889 (emphasis in the original).

■ Similarly, the alleged denials of promotions here have a constant and present effect. The *violations* occurred, if at all, when the defendant allegedly promoted white, less qualified individuals over blacks.

Of course, every past act of discrimination may have some future impact, and certainly the "sins of the fathers" are often perpetuated to the present date. As a result, a broad extension of the continuing discrimination concept would arguably permit a lawsuit to be commenced irrespective of when the alleged discrimination occurred, thereby completely eliminating any period of limitations for Title VII actions.

*Cisson v. Lockheed-Georgia Co.*, 392 F.Supp. 1176, 1181 (N.D. Ga. 1975). Since plaintiffs filed their EEOC complaint June 27, 1974, any claims arising before December 30, 1973 must therefore be barred. *See also Cates v. Trans World Airlines*, 561 F.2d 1064 (2d Cir. 1977).

■ Defendant also moves for partial summary judgment on all claims brought under section 1981 which arose before May 14, 1970 because those claims did not accrue within the limitations period. In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) the

Supreme Court ruled the controlling limitations period for section 1981 claims is the one provided by state law. Prior to *Johnson*, the Seventh Circuit held that the appropriate limitations period for such suits was five years as provided in Ill.Rev.Stat. ch. 83, § 16 (1975). *Waters v. Wisconsin Steel Works*, 427 F.2d 476 (7th Cir.), *cert. denied*, 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970). Since the complaint was filed May 14, 1975 any claim arising before May 14, 1970 is therefore time barred.[2] *See also Tramble v. Converters Ink Co.*, 343 F.Supp. 1350 (N.D. Ill. 1972).

Plaintiffs seek declaration of a class pursuant to Fed.R.Civ.P. 23(c)(1). Plaintiffs have alleged that 600 to 1000 blacks are employed by the defendant and that they comprise 20 percent of defendant's total work force. The named plaintiffs have alleged 13 specific discriminatory promotional denials of current or former employees. During their depositions, the named plaintiffs alleged 11 other denials.

In considering whether class certification is appropriate, the court must note that it is required to construe liberally the requirements for a class action in civil rights cases. "A suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic." *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711, 719 (7th Cir. 1967). *See also Gay v. Waiters' and Daily Lunchmen's Union*, 549 F.2d 1330, 1333 (9th Cir. 1977); *Romasanta v. United Airlines*, 537 F.2d 915, 918 (7th Cir. 1976).

Under rule 23, the plaintiffs must meet four prerequisites in order to obtain class certification under subsection (b). The plaintiffs must show: that the class is so numerous that joinder is impracticable; that there are questions of law and fact common to the class; that the representatives' claims are typical of the claims of the class; and that the representative parties fairly and adequately represent the class. The burden is on the plaintiffs to establish their right to a class action. *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *Cook County Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882 (7th Cir.), *cert. denied*, 409 U.S. 848, 93 S.Ct. 56, 34 L.Ed.2d 90 (1972).

It presently appears from the record in this case that the plaintiffs have failed to establish the class is so numerous that joinder is impracticable. The defendant does not challenge the sufficiency of the numbers of the class members which the plaintiffs have alleged.[3] Rather, the defendant correctly points out that the plaintiffs have made a "mere conjecture" as to the size of the class, amounting to a "bare allegation" of numerosity. Failure to specifically enumerate the class membership is not fatal to certification of a class. *Tolbert v. Western Electric Co.*, 56 F.R.D. 108 (N.D. Ga. 1972). However, "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." Wright & Miller, *Federal Practice and Procedure*, § 1762, at 594–95 (1969). *See Valentino v. Howlett*, 528 F.2d 975 (7th Cir. 1976) (per curiam); *Demarco v. Edens*, 390 F.2d 836 (2d Cir. 1968); *Clanton v. Orleans Parish School Bd.*, 72 F.R.D. 164 (E.D. La. 1976); *Pabon v. Levine*, 70 F.R.D. 674 (S.D. N.Y. 1976); *Neddo v. Housing Authority of City of Milwaukee*, 335 F.Supp. 1397 (E.D. Wis. 1971). *But see Doe v. Flowers*, 364 F.Supp. 953 (W.D. W.Va. 1973), *aff'd mem.*, 416 U.S. 922, 94 S.Ct. 1921, 40 L.Ed.2d 279 (1974).

Aside from an unsworn assertion in their memorandum, plaintiffs have demonstrated no facts to support a finding that the class is so numerous that joinder is

2. The court in so ruling expressed no view on the relevance of the time barred discriminatory acts which "may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue." *United Air Lines, Inc. v. Evans*, 431 U.S. at 558, 97 S.Ct. at 1889.

3. "[A] number exceeding a thousand is obviously sufficient to justify a class action." 3B Moore's Federal Practice, ¶ 23.05, at 23–273 (2d ed. 1977).

impracticable. However, "[i]n many Title VII cases the allegations involve 'across-the-board' discrimination, and it has been held that the wise practice is to allow such cases to proceed, at least at the outset, as class actions." *Tolbert v. Western Electric Co.*, 56 F.R.D. 108, 113 (N.D. Ga. 1972). *See also Amswiss International Corp. v. Heublein, Inc.*, 69 F.R.D. 663 (N.D. Ga. 1975). The court therefore will temporarily certify the class. If the plaintiffs later fail to positively show either by affidavit, deposition testimony or other proof the existence of a multiplicity of class members which demonstrates the inexpediency and inconvenience of bringing all the plaintiffs' before the court, the class will be dissolved.

The second precondition of rule 23 is that there must be questions of law and fact common to the class. Plaintiffs argue the allegation in the complaint of a general practice of discrimination in promotions is sufficient to meet this requirement. Defendant counters that there are no questions of fact and law common to the class because their claims do not relate to general practices or policies but rather constitute highly individualized claims of discrimination.

Subsection 23(a)(2) does not require that all questions of law and fact be identical. Wright & Miller, *Federal Practice and Procedure*, § 1763, at 603 (1969) and cases cited therein. As a consequence, defendant's argument is without merit. The 13 named plaintiffs have alleged that they have been affected by a discriminatory policy. During their depositions they identified 11 others who are alleged to have been affected by this policy. Although the decision to promote an employee doubtless is a decision which involves considering many factors, the alleged operation of the racially discriminatory policy is clearly common to the whole class. *See Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1124 (5th Cir. 1969). "The operative fact in an action under Title VII is that an individual has been discriminated against because he was a member of a class. . . . [Plaintiff's] complaint was not restricted to himself alone but alleged that promotional discrimination has been practiced across the board. This satisfied the common question requirement of Rule 23(a)(2)." *Senter v. General Motors Corp.*, 532 F.2d at 524.

Plaintiffs argue the typicality requirement is met if the interests of the members of the plaintiff class are not adverse to one another and all members of the purported class would benefit by the suit the plaintiffs bring. Defendant argues plaintiffs must demonstrate that there are other members of the class who are not named in the suit who have the same or similar grievances. In this context defendant argues plaintiffs would have to show the hypothetical claimants have the exact qualifications of the named plaintiffs and were refused promotions in the same manner. Defendant contends that since the claims of the parties represent a series of isolated and individualized decisions, the plaintiffs can not meet the typicality requirement.

There is some doubt as to the precise meaning of the typicality requirement. *See* Wright & Miller, *Federal Practice and Procedure*, §§ 1764 at 611 (1969); 3B Moore's Federal Practice, ¶ 23.06–2, at 323–25 (2d ed. 1977). It does appear settled that "not every member of the class need be in a situation identical to that of the named plaintiffs" to satisfy the requirement. *Alaniz v. California Processors, Inc.*, 73 F.R.D. 269, 275 (N.D. Cal. 1976). Varying fact patterns can support the claim. Wright & Miller, *Federal Practice and Procedure*, § 1764, at 613. In *White v. Gates Rubber Co.*, 53 F.R.D. 412, 415 (D. Colo. 1971), the court held that the requirement entailed "the necessity of demonstrating that there are other members of the class who have the same or similar grievances as the plaintiff."

Here the standard appears to have been met since at least 11 other employees have been identified who make similar claims. A plaintiff who has been denied promotion because of such policies can "represent other victims of the same policies, whether or not all have experienced

discrimination in the same way." *Long v. Sapp*, 502 F.2d 34, 43 (5th Cir. 1974).[4]

■ The final prerequisite is the requirement that the named plaintiffs adequately represent the class. A class representative may not have interests potentially antagonistic to those members of the class he seeks to represent. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed.2d 22 (1940). Defendant attacks the adequacy of plaintiff's potential representation on three grounds. First, defendant argues that since the potential representatives are in competition for a limited number of supervisory positions available, they cannot adequately represent the class. Second, their representation would be inadequate because plaintiffs are not part of the union bargaining unit to which the majority of the class belongs. In this regard, defendant also argues that representation is inadequate without joining the union itself. Third, their status as supervisors renders the named parties incapable of adequately representing their class.

■ In order to determine whether the named representatives adequately represent the members of the class, the court should consider the following factors: whether the named party's interest is coextensive with and not antagonistic to the interests of the class members; the proportion of those made parties to the total membership; any other factors bearing on the ability of the named party to represent the class. 3B Moore's Federal Practice, ¶ 23.09 (2d ed. 1977). The chief purpose of the section is to insure that the plaintiff will vigorously prosecute the case so that the interests of the class members will be protected. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555 (2d Cir. 1968). Ultimately, what constitutes adequate representation depends on the factual circumstances of each case. Wright & Miller, *Federal Practice and Procedure*, § 1765 (1969).

■ In light of the above factors, defendant's arguments again appear to be without merit. As to defendant's first contention that the representatives are in competition for a limited number of spaces, the Supreme Court has noted that "conflicting interest of other employees will of course always be present in instances where some scarce employment benefit is distributed among employees." *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 760, 96 S.Ct. 1251, 1262, 47 L.Ed.2d 444 (1976). Although the class members might have some arguable conflicts for the limited supervisory openings, their interests are clearly coextensive with the named individuals since they both wish to insure that race is not a criterion for promotion at Brach. In this sense their interests are clearly not antagonistic.

■ Nor should the fact that the named plaintiffs are not part of the union have an effect on the named members' ability to adequately represent the class. Since the management of the defendant alone determines promotions, the fact that the named representatives are not part of the union should not affect their ability to represent. In light of plaintiffs' assertion that the collective bargaining agreement plays no part whatever in the promotion process, failure to join the union does not affect this determination. The fact that the named plaintiffs are in supervisory positions is not fatal to their representation since their desire to remove racial considerations from the promotion process is coextensive with all employed blacks at Brach's. In sum, there appear to be no facts that would indicate the named plaintiffs are incapable of adequately representing the class.

■ An action may be maintained only if in addition to the requirements of subsection 23(a), one of the requirements of 23(b) is satisfied. Plaintiffs seek a declaration of a 23(b)(2) class arguing that the defendant

---

4. "[I]t is fundamental to the majority rule . . . that the commonality and typicality requirements of Rule 23(a)(2) and (3) be liberally applied in order to permit a Title VII plaintiff to challenge employment practices which are re-

lated but not identical to the practices which directly affected the plaintiff individually." *Piva v. Xerox Corp.*, 70 F.R.D. 378, 388 (N.D. Cal. 1975). *See also Barnett v. W. T. Grant*, 518 F.2d 543 (4th Cir. 1975).

has "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Back pay is clearly sought as an incidental remedy. *See Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975). Since the primary relief sought here is for injunctive relief, rule 23(b)(2) is clearly applicable.

Accordingly, plaintiffs' motion for class certification is granted. The named plaintiffs may represent those black employees of the defendant who allegedly have not been promoted or who may have been transferred or promoted at a slower rate than whites because of their race. Additionally, all of plaintiffs' Title VII claims arising before December 30, 1973 are hereby dismissed. All of plaintiffs' section 1981 claims arising before May 14, 1970 are similarly dismissed.

It is so ordered.