**Robert PETTY et al., Plaintiffs,**

v.

**PEOPLES GAS LIGHT AND COKE COMPANY, Defendants.**

**No. 79 C 1135.**

United States District Court,
N. D. Illinois, E. D.

Nov. 7, 1979.

338

Ronald S. Barliant, Arthur W. Friedman, James A. Carney, Devoe, Shadur & Krupp, Kay Simon Grossman, Chicago Lawyers' Comm. for Civil Rights Under Law, Inc., Chicago, Ill., for plaintiffs.

John P. Jacoby, James S. Petrie, Richard A. Kaminsky, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on defendant's motion to deny plaintiffs leave to proceed as a class under Rule 23(c)(1) of the Federal Rules of Civil Procedure.

Suit was brought pursuant to 42 U.S.C. §§ 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981. Plaintiffs, six black employees in the Credit and Collections Department of Peoples Gas Light & Coke Company, allege that although they were qualified for promotion to a higher level position, white employees with less experience were promoted in their stead as a result of defendant's racially discriminatory practices. Plaintiffs further contend that other employees have been affected by defendant's discriminatory practices. Jurisdiction of this court is conferred under 42 U.S.C. § 2000e–5(f) and under 28 U.S.C. § 1343(4).

The named plaintiffs, as representatives, have indicated in their complaint that this suit is a class action, the class to be comprised of all black persons who are or have been employed by defendant and who have been or might be affected by its racially discriminatory practices with respect to promotions, transfers and the determination of compensation levels.

At the outset, it should be noted that this Circuit has suggested that, in the context of Title VII, motions involving the question of certification should be treated

with leniency. *Romasanta v. United Air Lines, Inc.*, 537 F.2d 915 (7th Cir. 1976); *Bowe v. Colgate-Palmolive Co.*, 416 F.2d 711 (7th Cir. 1976). Nonetheless, before plaintiffs can be allowed to proceed as a class, they must show that they have satisfied all of the requirements of Rule 23(a) and that the proposed class comes within one of the subsections of Rule 23(b). *Valentino v. Howlett*, 528 F.2d 975, 978–79 (7th Cir. 1976).

■ Rule 23(a) provides that one or more members of a class may sue on behalf of all if the class is so numerous that joinder of all members is impracticable. It is undisputed that, as evidenced by defendant's EEO–1 report, defendant company employs 676 blacks. The Rule 23(a)(1) requirement is therefore satisfied. *See e. g., DuPree v. E. J. Brach & Sons, Division of American Home Products Co.*, 77 F.R.D. 3 (N.D.Ill. 1977).

■ As the question of commonality overlaps that of typicality, the two may properly be addressed together. *Garcia v. Rush-Presbyterian-St. Luke's Medical Center*, 80 F.R.D. 254, 268–70 (N.D.Ill.1978). Rule 23(a)(2) requires that there be "questions of law or fact common to the class." With respect to the present action, the defendant first contends that the allegations of the complaint are so conclusory that the complaint on its face is insufficient and, *a fortiori*, class certification cannot be granted. This argument was effectively disposed of in *Ridgeway v. Electrical Workers, Local No. 134*, 14 EPD ¶ 7814 (N.D.Ill.1977) where, although the complaint did not detail specific instances of discrimination, it was found to satisfy both the pleading requirements of the Federal Rules of Civil Procedure and the Rule 23 requirements. The court's reasoning there is equally applicable to the present case:

Where, as here, an action is directed at a system-wide policy of racial discrimination, although there may be different factual questions with regard to different employees . . . The 'Damoclean threat of a racially discriminatory policy hangs over the racial class (and) is a question of fact common to all members of the class.' *Johnson v. Georgia Highway Express Co.*, 417 F.2d 1122 (5th Cir. 1969).

*Id.* at 6018. Furthermore, in determining a motion for class certification, the court should consider not only the allegations contained in the complaint, but also any evidentiary facts then before it. *Goodman v. Schlesinger*, 584 F.2d 1325, 1331–32 (4th Cir. 1978); *Western Electric Co. v. Stern*, 544 F.2d 1196, 1199–1200 (3d Cir. 1967). The instant complaint is in itself sufficient to state a cause of action under the Federal Rules and, when viewed in conjunction with the affidavits and exhibits presented, is sufficient to enable this court to determine whether certification is proper.

■ Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Although the courts have not been unanimous in their treatment of the typicality requirement, in this district it appears settled that it is sufficient that the resolution of the rights of the plaintiffs and the other class members depend substantially on the same legal theory. *Ridgeway, supra* at 6109; *see Duffy v. Marshall*, 18 EPD ¶ 8930, 5861–62 (N.D.Ill.1978).

Nonetheless, as defendant's arguments relate to both 23(a)(2) and 23(a)(3), they will be addressed together.

■ Defendant first contends that plaintiffs' claims are unique and personal and therefore not indicative of class-wide discrimination. The defendant argues that, because denial of promotion is necessarily an individual decision based upon numerous considerations, it thus is not susceptible to class treatment. This argument is unacceptable both legally and logically. Its adoption would mean that there could never be a Title VII action alleging discrimination in promotion. *Senter v. General Motors Corp.*, 532 F.2d 511, 523–24 (6th Cir. 1976) *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976); *see Duffy v. Marshall, supra* at *id.* Although promotional decisions may involve a consideration of many

factors, it has been held that the existence of an allegedly discriminatory policy or practice is clearly a question common and typical to the class. *See DuPree v. E. J. Brach & Sons, supra* at 8; *see also Senter v. General Motors Corp., supra* at 524–25. A named plaintiff need not have suffered precisely the same injury as every member of the class so long as he has been adversely affected by the same practice or policy. *Id.; Long v. Sapp*, 502 F.2d 34, 43 (5th Cir. 1974).

■ Defendant's argument that any determination of damages must be made on an individual basis is equally unavailing. It is well settled that class actions seeking damages may be handled in a bifurcated proceeding. The first burden is for plaintiff, at trial, to show invidious treatment. Thereafter, the question of damages may be separately addressed. *Baxter v. Savannah Sugar Refining Corp.*, 495 F.2d 437, 443–44 (5th Cir.) *cert. denied*, 419 U.S. 1033, 95 S.Ct. 515, 42 L.Ed.2d 308 (1974); *Minority Alliance Group v. Cook County*, 13 EPD ¶ 11,497 at 6775 (N.D.Ill.1976).

■ Defendant also argues that because each of the plaintiffs has received promotions and wage increases in the past, their claims are not common or typical of those of the class. The argument is without merit. As plaintiffs correctly point out, the question is what they and the class they seek to represent *would* have received were it not for defendant's allegedly discriminatory practices, not what some of them received despite such practices.

Defendant's argument is not aided by its reliance upon the affidavit of Orval H. Harmening, Superintendent of the Customer Relations Department. The affidavit, in addition to admitting that there are no written criteria with respect to promotions in the Credit and Collections Department to jobs within the Management and Non-Management Salaried categories, further provides a summary combining the number of promotions and transfers made within the Credit and Collections Department during the five years prior to the commencement of this suit. This information, however, is inappositive in that it fails to indicate the number of black persons *qualified* for such positions. The significance of this omission is evidenced by the defendant's own contention that without such information such statistics are meaningless. Moreover, the EEO–1, which shows that defendant employs 19.6% blacks, is based on company-wide statistics: the percentage of blacks in the Credit and Collections Department or in the other departments is not given. Finally, because the statistics presented by the defendant lumps transfers and promotions together, it is impossible to determine what, if any, upward mobility exists or whether these statistics include downward mobility.

On the present state of the record it cannot be found that plaintiffs' claims are not common or typical nor, as defendant tangentially suggests, unique and personal.

■ The defendant next contends that because there is no allegation that plaintiffs themselves were ever denied a transfer or wage increase due to their race, their claims are not common or typical. As previously noted, it is not necessary for a plaintiff to have suffered precisely the same injury as every member of the class. It is sufficient that he has been adversely affected by the same discriminatory practice or act. *Long v. Sapp, supra* at 43; *DuPree v. E. J. Brach & Sons, supra* at 5862. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), cited by the defendant is inapposite. In that case, the Supreme Court held that where the plaintiffs had not been transferred because of their lack of qualifications, they had suffered *no* injury as the result of defendant's discrimination. That being so, they could not properly represent those who were alleged victims of discrimination. Such clearly is not the situation in the present action.

■ Finally, defendant argues that the organization, structure and functions of the company are decentralized and, as a result, plaintiffs' claims are at most common to and typical of a class of black employees within the Customer Relations Department. Plaintiff Petty's affidavit and the accompa-

nying exhibits, however, in contradistinction indicate that there are transfers between the various divisions. The Harmening affidavit, which merely states the manner in which decisions are *generally* made and by whom, is not sufficient to establish that the company's departments are autonomous. *See Duncan v. State of Tennessee,* 84 F.R.D. 21, 19 EPD ¶ 9087 at 6680 (M.D. Tenn.1979); *Arnett v. American National Red Cross,* 78 F.R.D. 73, 76 (D.D.C.1978).

▮ Defendant extends this argument in suggesting that promotions to non-union job categories are subject to different considerations than promotions to union positions and that the methods of awarding wage increases are different for Union, Non-Management Salaried and Management categories. This argument was previously rejected in *DuPree v. E. J. Brach & Sons, supra* at 9, where it was held that the fact that the named plaintiffs were not part of the union did not affect their ability to represent the class. Defendant argues that the failure to have objective promotion criteria is not unlawful *per se, Roman v. ESB, Inc.,* 550 F.2d 1343, 1354 (4th Cir. 1976). However, in the absence of a showing that a collective bargaining agreement clearly proscribes subjective discriminatory treatment, employees seeking promotion or transfer to either union or non-union positions will be equally affected by any discriminatory practice. Similarly, any discrimination in determining wage increases will be felt by all employees. Neither the Harmening affidavit nor any other evidence before this court is sufficient to support a finding that any discrimination would be limited to particular categories of employees.

This court thus concludes that the plaintiffs have made an adequate showing that their claims are both common and typical to a class alleging discrimination in promotions, transfers and wage increases.

▮ Rule 23(a)(4) requires a finding that "the representative parties will fairly and adequately protect the interests of the

class." That plaintiffs can adequately represent the class is evidenced by the fact that the named representatives are united in interest with the other class members by the common goal of ensuring that race is not an impediment to promotion. *DuPree ·v. E. J. Brach & Sons, supra* at 9.

This court finds that plaintiffs have met the requirements of Rule 23(a) and thus, should they also meet the requirement of one of the subsections of Rule 23(b), the action may proceed as a class action.

Plaintiffs contend that this is properly a 23(b)(2) suit in that defendant allegedly "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Defendant asserts that, because any injunctive relief will redound to the benefit of other blacks, certification is unnecessary. Despite defendant's contention, it is well settled that injunctive relief is appropriate if discrimination is later proven.

As the named plaintiffs have sufficiently shown that they meet the prerequisites for the maintenance of a class action, this court will deny the defendant's motion to deny class action status and will conditionally certify the class. Defendant's arguments regarding the basis of the EEOC complaint and the statute of limitations, however, remain to be addressed before the scope of the class can be properly determined. Defendant argues that the EEOC complaints filed by the plaintiffs only alleged discrimination in failing to gain a promotion and, therefore, that this court should determine that the Title VII claim is limited to issues of promotion and cannot encompass claims involving transfers, compensation or any other term or condition of employment. Both sides rely on the Seventh Circuit's opinion in *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.,* 522 F.2d 1235 (7th Cir. 1975), *rehearing en banc,* 538 F.2d 164 (7th Cir. 1976), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1977).[1]

---

1. *Jenkins* involved a situation where the plaintiff's EEOC charge had indicated race as a basis

for the suit. Her federal court complaint, however, also alleged sex discrimination. In her

The import of *Jenkins* is clear. As the court stated:

We have held that Title VII is to "be construed and applied broadly," *Motorola, Inc. v. McLain,* 484 F.2d 1339, 1334 (7th Cir. 1973), and in doing so, we have recognized that EEOC charges are in layman's language, *Cox v. United States Gypsum Co.,* 409 F.2d 289, 290–1 (7th Cir. 1969).

538 F.2d at 167. The *Jenkins* court adopted the standard set forth in *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir. 1971):

The correct rule to follow in construing EEOC charges for purposes of delineating the proper scope of a subsequent judicial inquiry is that "the complaint in the civil action . . . may properly encompass any . . . discrimination like or reasonably related to the allegations of the charge and growing out of such allegations."

538 F.2d at 167.

■ In the present case, the EEOC charges not only allege that plaintiffs were denied promotions due to race, but also charge that job openings were not posted. That being so, it is not unreasonable to conclude that defendant, for that reason, might have been free to prefer whites over blacks in making decisions as to who to promote or transfer. Moreover, any discrimination in awarding wage increases would in all likelihood be integrally related to discrimination in promotion and transfer decisions. Applying the standard set forth in *Jenkins,* plaintiffs' complaint, alleging discrimination in transfers and wage increases, is sufficiently related to the EEOC complaint.

■ Pursuant to 42 U.S.C. § 2000e–5(e), in order to maintain a suit under Title VII a plaintiff must file charges with the EEOC within 180 days after the date of the alleged unlawful employment practice. This requirement is a jurisdictional prerequisite. *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 555 n.4, 97 S.Ct. 1885, 1887 n.4, 52 L.Ed.2d 571 (1977); *Terry v. Bridgeport Brass Co.,* 519 F.2d 806, 807–08 (7th Cir. 1975). A Title VII plaintiff may represent a class even though the other members of the class have not filed charges with the EEOC. *Bowe v. Colgate-Palmolive Co.,* supra at 720. The named plaintiff, however, may not represent persons discriminated against more than 180 days prior to the date on which the charge was filed. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 246 (3d Cir. 1975), *cert. denied,* 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975).

■ Here, plaintiffs claim an exception to this rule in that they allege a "continuing violation." This argument was previously addressed and rejected in *DuPree v. E. J. Brach & Sons, supra* at 6–7 where, as here, plaintiffs argued that the alleged discriminatory denial of promotions constituted a continuing wrong because plaintiffs continued to suffer differences in wages and fringe benefits. This court considers *DuPree* dispositive of the plaintiffs' contention. However, if it is later shown that other charges were pending at the time the plaintiffs' earliest charge was filed, the statute may be extended backwards to such earlier date. *McDonald v. United Air Lines, Inc.,* 587 F.2d 357, 360–61 (7th Cir. 1978), *cert. denied,* 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 303 (1979).

Plaintiffs do not contest defendant's argument that the potential class under 42 U.S.C. § 1981 must be limited to those individuals whose claims arose after March 21, 1974. The class thus will be so limited. *Waters v. Wisconsin Steel Works of International Harvester Co.,* 427 F.2d 476, 488 (7th Cir. 1970), *cert. denied,* 400 U.S. 911, 91 S.Ct. 137, 27 L.Ed.2d 151 (1970).

EEOC complaint, plaintiff stated that her supervisor "accused me of being the leader of the girls on the floor." The EEOC complaint further stated that "[a] white employee who associated with me might have been denied her promotion because of her association with me." A majority of the court sitting *en banc* found that these statements, taken together with the charges of racial discrimination, were sufficient to charge sex discrimination.

Accordingly, for all the foregoing reasons, defendant's motion is denied. Pursuant to Rule 23(c)(1) and Rule 23(b)(2) of the Federal Rules of Civil Procedure, this court will conditionally certify the following class:

Under Count I, the Title VII claim, plaintiffs may represent those black employees of Peoples Gas Light & Coke Company who have been or are currently being adversely affected by defendant's allegedly discriminatory practices with respect to promotions, transfers and wage increases. Under Title VII, the class will be limited to persons allegedly discriminated against within 180 days prior to the date on which the earliest charge was filed, September 28, 1978.

Under Count II, the § 1981 claim, plaintiffs may properly represent those black employees of Peoples Gas Light & Coke Company who have been or are currently being adversely affected by defendant's allegedly discriminatory practices with respect to promotions, transfers and wage increases. Under § 1981, the class will be limited to persons whose claims arose within five years prior to the filing of the complaint in this action, March 21, 1974.

Count III, which alleges an individual claim by plaintiff Petty, is not here at issue.

The court does not now find it necessary to reach the question of whether the class could include black persons who, as a result of discrimination, received lower wages than their white counterparts for performing the same work. The certification being given, however, is conditional. Accordingly, this court retains the power to adjust the scope of the class or revoke certification in toto if it appears during the course of this litigation that the suit should no longer proceed as a class action.

