Raymond Leo **GERMONPREZ**, Plaintiff,

v.

**DIRECTOR OF SELECTIVE SERVICE**
**et al., Defendants.**

**Civ. A. No. 1855–70.**

United States District Court,
District of Columbia.

July 8, 1970.

Joseph Forer, Washington, D. C., for plaintiff.

Robert M. Werdig, Jr., Asst. U. S. Atty., for defendant.

JOHN LEWIS SMITH, Jr., District Judge.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This matter came before the Court on plaintiff's motion for a preliminary injunction. Upon consideration of the entire record and the argument of counsel, the Court finds the facts and states conclusions of law as follows:

## FINDINGS OF FACT

1. Plaintiff, Raymond Leo Germonprez, registered under the Universal Military Training and Service Act of 1951 with Local Board No. 71 of the Selective Service System for Shawnee County, Kansas.

2. From the fall of 1963 till June 1966, said Local Board No. 71 granted plaintiff undergraduate student deferments under the 1951 Act, classifying him II–S, by reason of the plaintiff's attendance at the University of Kansas.

3. Plaintiff received his baccalaureate degree from the University of Kansas in June 1966. Plaintiff thereafter attended the University of Notre Dame as a graduate student from the fall of 1966 to January 1970, when he received his Ph. D. degree. From about December 1966 till February 1970, Local Board No. 71 granted plaintiff graduate student deferments, classifying him II–S. These graduate student deferments were granted under the Universal Military Training and Service Act of 1951 until June 30, 1967, and thereafter under the superseding statute, the Military Selective Service Act of 1967, effective June 30, 1967. Plaintiff has held no deferments other than those stated since June 30, 1967.

4. On March 6, 1968, a child was born to plaintiff and his wife, and at all times thereafter plaintiff has maintained a bona fide family relationship with his child in his home. Plaintiff requested that he be granted a parental deferment, classification III–A. However, Local Board No. 71 denied a III–A classification and continued plaintiff in class I–A (available for military service). The I–A classification was affirmed by the State Appeal Board.

5. On February 27, 1970, the United States District Court for the Eastern District of Michigan, Southern Division, entered a judgment (Exhibit C to the verified complaint) in a case pending before it entitled Stephen L. Gregory et al., plaintiffs, v. Lewis B. Hershey et al., defendants, Civil Action No. 33057. The

defendant Lewis B. Hershey was the then Director of Selective Service. The judgment was preceded by an opinion (Exhibit A to verified complaint) reported in Gregory v. Hershey, E.D.Mich., 311 F.Supp. 1, and by an Order Determining the Validity of Class Action (Exhibit B to verified complaint). The latter Order determined that the case should be maintained by the plaintiffs as a class action under Rule 23(a), (b) (1) and (b) (2) of the Federal Rules of Civil Procedure. It determined the class to consist of "all Selective Service registrants who have a child or children with whom they maintain a bona fide family relationship in their homes, who are not physicians, dentists or veterinarians or in an allied specialist category as defined by Selective Service Regulations 1622.30(a) (32 C.F.R. § 1622.30 (a)), and who have not received an undergraduate II–S deferment under Section 6(h) (1) of the Military Selective Service Act of 1967 (50 U.S.C. App. § 456(h) (1)), but who have received a graduate II–S deferment under Section 6(h) (2) of said Act." Said Order further provided that, "Notification of members of the class is impractical because of the number of members and the absence of any reasonable way of identifying them."

6. The judgment in the Gregory case declared that the plaintiffs named in the case and the other members of the defined class are entitled to fatherhood III–A deferments, and ordered that the defendants in that case classify the named plaintiffs III–A, that they classify others similarly situated III–A upon a showing by such others that they are members of the defined class, and that the defendants conform to the declaratory judgment.

7. The plaintiff herein is a member of the class determined in the Gregory case, but is not a named party therein, nor was he notified of the Gregory action prior to the judgment therein.

8. The defendants in the Gregory case have noticed an appeal to the United States Court of Appeals for the Sixth Circuit, but the Gregory judgment has not been stayed and is in effect.

9. Following the entry of the Gregory judgment, the plaintiff herein requested Local Board No. 71 and the State Director of Selective Service for Kansas to reclassify him III–A. Such requests were refused.

10. On May 28, 1970, Local Board No. 71 issued an order directing plaintiff to report on June 11, 1970, for induction into the military service. On June 10, 1970, plaintiff was transferred for induction purposes to Local Board No. 57, Richmond City, Virginia, and thereby the induction order was postponed.

11. On or about June 29, 1970, the transfer Board, said Local Board No. 57, issued an order directing plaintiff to report for induction into the military service in the early morning of July 10, 1970.

CONCLUSIONS OF LAW

1. In view of the Gregory judgment in favor of a class of which plaintiff is a member, plaintiff has established a substantial likelihood that he will prevail on the merits.

2. Unless a preliminary injunction is granted, plaintiff will suffer irreparable injury by being inducted into the military service before this case can be finally determined. Furthermore, the induction would moot the action.

3. The equities favor the issuance of a preliminary injunction to enjoin the induction of plaintiff pending this litigation.

ORDER

It is therefore this 8th day of July, 1970,

Ordered, that the defendants, their servants, employees and attorneys, and all persons in active concert and participation with them, be and hereby are enjoined, pending the determination of this action, from keeping in effect the outstanding order requiring plaintiff to report for induction into the military service, and from otherwise ordering or

requiring plaintiff to report for induction into the military service;

Provided, that the plaintiff post with the Clerk of the Court cash bond in the amount of ten dollars ($10.00) as security for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.