Thomas T. SCHRADER, Plaintiff,

v.

**SELECTIVE SERVICE SYSTEM LOCAL BOARD NO. 76 OF WISCONSIN et al., Defendants.**

No. 70–C–345.

United States District Court, W. D. Wisconsin.

Jan. 12, 1971.

See also, D.C., 328 F.Supp. 891.

Stuart G. Urban, Lancaster, Wis., for plaintiff.

James R. Mack, Asst. U. S. Atty., for defendants.

**OPINION AND ORDER**

JAMES E. DOYLE, District Judge.

Plaintiff contends that his local draft board improperly denied him a III-A paternity deferment. He seeks declaratory and injunctive relief. On December 4,

1970, this court entered an opinion and temporary restraining order prohibiting plaintiff's induction into the Armed Services. Upon order of the court, briefs were submitted by the parties and a further hearing was had on the question of whether the temporary restraining order should remain in effect.

The sole question now before the court is whether the temporary restraining order entered herein should be vacated and set aside. This turns on the effect which should be given to Gregory v. Hershey, 311 F.Supp. 1 (E.D.Mich.1969). In that case, the court determined that a class action was proper under Rule 23(a), (b) (1), and (b) (2) of the Federal Rules of Civil Procedure and rendered judgment for the class. In the opinion and order entered herein on December 4, 1970, I determined that plaintiff was a member of the *Gregory* class and, pursuant to the judgment in that case, was entitled to a III-A classification.

Defendants do not deny that plaintiff Schrader is a member of the *Gregory* class but contend that the *Gregory* judgment does not have binding effect in this litigation because notice was not given to the members of the *Gregory* class. They argue that even though notice is not required by the Rules in a Rule 23(b) (1) or 23(b) (2) class action, notice is necessary if the judgment is to have binding effect. They urge that this must be so on the basis of a mutuality principle: that is, the government maintains that if the *Gregory* judgment

had been adverse to the class of plaintiffs, the due process clause would not permit the government to enforce that judgment upon a member of the class who lacked notice, and that therefore it is unfair to bind the government when the plaintiff's class is successful.

A judgment in favor of the defendant against the class may not be binding upon members of the class who later sue the defendant and argue that they were not adequately represented in the class action. But the rationale for this view is that every man must be guaranteed his day in court. This rationale has no application to the converse situation in which defendants have had the opportunity fully to litigate the issues in a previous case.[1] The very purpose of Rule 23 was to reduce multiple litigation of the same issues. I see no good reason why the government should be permitted continual relitigation of an issue already judicially determined. I conclude that the order previously entered herein must remain in effect. Whitmore v. Tarr, 318 F.Supp. 1279 (D.Neb. 1970); Germonprez v. Director of Selective Service, 318 F.Supp. 829 (D.D.C. 1970); *contra,* Pasquier v. Tarr, 318 F. Supp. 1350 (E.D.La.1970); McCarthy v. Director of Selective Service, 322 F.Supp. 1032 (E.D.Wis.1970).

It is hereby ordered that the order entered herein on December 4, 1970, is to remain in full force until such time as it is modified or vacated by order of the court.

---

1. I appreciate that Local Board No. 76 of Wisconsin and the Wisconsin State Director of Selective Service were not parties to *Gregory*. However, the National Director of Selective Service was a party to *Gregory* and is a party to the present action. With respect to an issue such as that which is presented in the two cases, that is, a matter of construing the statute and the presidential regulations, as contrasted with a matter of fact finding by a local board in a specific case, I believe that state directors and local boards throughout the country are bound by a judgment in a class action to which the National Director is a party. Also, if I am correct in considering *Gregory* binding upon the Selective Service System, then the actions of the local board and the state director in the present case were "lawless" and pre-induction judicial relief is available to plaintiff, despite Section 10(b) (3) of the Act. See Oestereich v. Selective Service Board, 393 U.S. 233, 89 S.Ct. 414, 21 L.Ed.2d 402 (1968); Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970). *Gregory* was itself a pre-induction action.