Henry A. BAILEY, Plaintiff,

v.

Caspar W. WEINBERGER, Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. W–5380.

United States District Court,
D. Kansas.

July 19, 1974.

Brian J. Moline, Legal Aid Society of
Wichita, Inc., Wichita, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., W. Irving
Shaw, Asst. U.S. Atty., Wichita, Kan.
and Paul P. Cacioppo, Regional Atty.,
and Caroline McB. French, Region VII,
Dept. of H.E.W., Kansas City, Mo., for
defendant.

MEMORANDUM AND ORDER

WESLEY E. BROWN, Chief Judge.

This is an action brought pursuant to
42 U.S.C. § 405(g) to review the denial
of disability benefits available under 42
U.S.C. § 423. The matter is before the
Court upon the defendant's motion for
summary judgment supported by a brief
and the record of the administrative
proceedings. The Court's duty upon re-
view of such agency action is to find
those facts upon which the agency's de-
cision was made and to determine

whether these facts are substantial evidence in support of that decision. Nickol v. United States, 501 F.2d 1389 (10th Cir. 1974); Heber Valley Milk Company v. Butz, 503 F.2d 96 (10th Cir. 1974). Upon that basis the Court makes the following findings and order.

Bailey, the claimant and plaintiff in this action, was born in 1911 and completed 10 grades of school. Until 1949 he lived and worked on a farm. From 1950 through 1953 he worked at Tinker Field, Oklahoma City, Oklahoma, where he received training in the use and care of precision tools and worked as a machine operator. From 1953 though 1957 he worked as a carpenter's helper in the construction of houses. From 1957 through May 19, 1972, he was employed at times as a machine operator and sheet metal worker working on drilling machines, lathes and grinders and hand-forming damaged parts. On May 19, 1972, he left his employment on sick leave complaining of pain and swelling in his feet and knees.

Bailey filed his first application for disability benefits on November 19, 1971, claiming arthritis as the disability affecting his ability to work from October 15, 1970 and continuing to the present date. On March 21, 1972, his application was denied by the Director of the Division of Initial Claims on the ground that he did not "meet the disability requirement of the law." On March 23, 1972, he filed a request for reconsideration which was denied by the Director of the Division of Reconsideration on the grounds that the medical reports did not show an "active arthritic disease process" and that his impairment was "not so severe as to prevent [him] from doing [his] regular work or other gainful work consistent with [his] background and experience."

On October 24, 1972, he filed a request for hearing contending that he was called back to work on May 1, 1972, and could only work 12 days because he could no longer stand up while he worked on the machines. A hearing was held at which Bailey testified concerning his work experience and his claimed disability. He testified that he first experienced physical ailments in 1969 with swelling and stiffness in his feet. His doctor advised him that he had arthritis. He later experienced discomfort in his right knee progressing to his right shoulder, neck, left shoulder, left hip and left knee. He testified that he took eight aspirin each day to relieve the pain, could only walk two blocks, and could not stand on his feet to perform his duties as a machine operator.

The Administrative Law Judge (ALJ) denied the claim on April 26, 1973, concluding from all the evidence that Bailey,

"has not suffered from any combination of impairments of a sufficient degree of severity to prevent him from engaging in all gainful activity. It is found that he could, if motivated, engage in some of the employment he has done in the past, or, at least, in some light or sedentary work in which he already has some experience or for which he would have some transferrable skills."

The decision of the ALJ was affirmed by the Appeals Council and Bailey thereafter perfected this instant action.

There is no question but that Bailey has met the earnings requirements of the Act. The only question is whether he is suffering from a disability such as to qualify him for the statutory benefits. The Secretary contends that the Agency's decision is supported by substantial evidence. Bailey, on the other hand, contends that the evidence shows a *prima facie* case of disability and that there is "no evidence . . . that substantial and gainful employment is available for an individual of plaintiff's age, education, work experience and physical disability."

42 U.S.C. § 423(d)(1)(A) defines "disability" to mean,

". . . inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

Subsection 423(d)(2)(A) provides in part,

". . . an individual . . . shall be determined to be under a disability only if his physical . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . . 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country."

Finally, subsection 423(d)(3) provides,

"For purposes of this subsection, a 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."

▆ Under the law Bailey must show that (1) he suffers from a physical impairment expected to last for a continuous period of not less than 12 months resulting from anatomical or physiological abnormalties which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques; (2) he is unable to do his previous work or any other kind of substantial gainful work which exists in significant numbers either in the region where he lives or in several regions of the country regardless of whether such work exists in the immediate area, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work; and (3) the inability is due to the impairment. 42 U.S.C. § 423; Brasher v. Celebrezze, 340 F.2d 413 (8th Cir. 1965).

The medical evidence considered by the ALJ consisted of several reports from four physicians.

On December 22, 1971, Dr. Edward Lee, a general practitioner, prepared a report of a visit from Bailey following an accident in which Bailey fell on some concrete injuring his left knee. Dr. Lee stated that the left knee was "swollen approximately 1½ times the size of the right knee"; that there was "localized sensation, warmth, stiffness with difficulty regarding extension and flexion," and "marked difficulty in getting up and starting to walk"; and that Bailey used a cane to give the leg adequate support when walking. An x-ray disclosed some medial tilt of the tibial platform, some irregularity of the upper lateral aspect of the tibia, and some prominence of one of the intercondylar eminences. Dr. Lee diagnosed the ailment as traumatic bursitis and osteitis of the left knee.

Dr. M. A. Throckmorton, a general practitioner, prepared a report, dated November 22, 1971, in which he related three separate visits with Bailey. He examined Bailey in 1964 following an automobile accident in which Bailey suffered a bruised right arm and right thigh. On October 30, 1970, Bailey complained to him of pain in his right knee for over two years. On January 11, 1971, Bailey complained to him of pain in his neck, right arm, right shoulder, right hand and right knee. Dr. Throckmorton diagnosed the ailment at that time as migratory rheumatism but could not give a current diagnosis.

On February 15, 1972, Dr. H. O. Anderson, an orthopedic surgeon, examined Bailey's left knee observing that the knee revealed moderate diffuse swelling, increased local heat, no discoloration, local palpable tenderness over the anteromedial portion of the joint, no instability, stable and free springing of the

flexed knee anteriorly and posteriorly, stable and free internal and external rotation of the flexed knee, complete extension possible, little increased intra-articular swelling, negative popliteal space and no instability on springing the knee medially or laterally. An x-ray report did not show any significant arthritic involvement and very minimal hypertrophic spurring and lipping. Dr. Anderson concluded that there were "some degenerative changes present in the left knee joint."

On April 27, 1972, Dr. K. D. Zimmerman prepared a report for Bailey's employer in which he stated that there was degenerative arthritis in the lumbar spine, in the cervical spine, and in the knees and probable arthritis in the left shoulder.

On November 10, 1972, Dr. Throckmorton prepared a report for Bailey's employer in which his diagnosis was generalized osteoarthritis affecting all joints. His prognosis was that it was doubtful Bailey would ever improve sufficiently to do any manual labor involving hands, arms, legs or feet.

Although these last two reports were admitted as evidence at the hearing, it appears that the ALJ did not consider them in making his decision. Upon the other medical evidence and the testimony taken at the hearing, the ALJ found Bailey to be suffering from a medically determinable physical ailment, generalized osteoarthritis, but that it was not of sufficient severity to preclude his engagement in substantial gainful activity. The ALJ concluded that from the medical evidence Bailey could still lift 80–94 pound objects in the performance of his job duties and could perform any of the types of employment he had previously experienced. Although Bailey was prone to severe attacks rendering him unable to work, the ALJ concluded that these attacks "would be infrequent and would not disable [him] from working full time in his regular or previous employment." The ALJ further found no sharp weight loss nor muscle atrophy indicating a continuous painful suffering. Upon this basis, the ALJ denied the claim for disability benefits. The Appeals Council affirmed and it became the finding of the Secretary.

The findings of the Secretary are conclusive if supported by substantial evidence on the record as a whole. 42 U.S. C. § 405(g); Hedge v. Richardson, 458 F.2d 1065 (10th Cir. 1972). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Gardner v. Bishop, 362 F.2d 917, 919 (10th Cir. 1966). It is not the function of the Court to substitute its decision for that of the Secretary but to determine if the Secretary's finding was reasonable in light of the relevant evidence as a whole.

■■ We are of the opinion, and so conclude, that the finding of the Secretary that the plaintiff is not suffering from a disability within the meaning of 42 U.S.C. § 423 is supported by substantial evidence. The medical evidence indicates that Bailey does suffer from a physical ailment but that he still retains sufficient mobility and flexibility in his joints to obtain substantial gainful employment. Although he is on sick leave from his employment complaining that he can no longer stand on his feet to work, and that he has received compensation through a private insurer, this does not detract from our conclusion. By law, he is not disabled because he can no longer return to his same job. He must be unable to engage in any substantial gainful employment. The Secretary is free to reach his own conclusion, if supported by the evidence, and is not bound by any previous determination made by the claimant's employer or insurer. The Secretary concluded that Bailey is capable of returning to his previous employment, or any other employment, and we conclude that this finding is supported by substantial evidence of the record as a whole.

We further conclude that there is no material issue of fact and that the Secretary is entitled to summary judgment.

It is therefore ordered that the Secretary's motion for summary judgment be, and is hereby, granted; that the Clerk enter judgment accordingly; and that the Clerk transmit copies of this Memorandum and Order to the parties to this action and to the Office of the United States Attorney.