**Glen L. RUTHERFORD et al., Plaintiffs,**

**v.**

**UNITED STATES of America et al., Defendants.**

**No. CIV–75–0218–B.**

United States District Court,
W. D. Oklahoma.

Jan. 4, 1977.

## MEMORANDUM OPINION AND ORDER

BOHANON, District Judge.

On December 30, 1976, this matter came on for pretrial conference, the plaintiffs appearing by their attorneys Kenneth Coe and Burton J. Johnson, Oklahoma City, Okl., and the defendants appearing by William S. Price, Asst. U. S. Atty., Oklahoma City, Okl., and Jay H. Geller, Associate Chief Counsel, Food and Drug Div., Dept. of Health, Education and Welfare, Los Angeles, Cal.

The United States Court of Appeals for the Tenth Circuit in its Opinion filed October 12, 1976, in this case stated in part:

"We are unable . . . to see how the FDA can escape the obligation of producing an administrative record to support its determination of the first and more fundamental issue that Laetrile is a new drug, for it is not a new drug merely because they say it is. . . .

It seems doubtful that the FDA has in fact developed an administrative record adequate under 5 U.S.C. Section 554(c) and hence there is probably nothing which is presently available for a court to review. Nothing in the record suggests

that the FDA has dealt with Laetrile in a rule-making proceeding under Section 701 of the Act, 21 U.S.C. Section 371. . . . Hence, if this is true the appropriate procedure for the district court is to remand the case back to the FDA for proceedings adequate to develop a record supportive of the agency's determination; the proceedings should give Laetrile proponents an opportunity to express their views. This is a result which is also supported by the Supreme Court decision in *Weinberger v. Bentex Pharmaceuticals*, 412 U.S. 645, 93 S.Ct. 2488, 37 L.Ed.2d 235 (1973). There the district court faced with a similar problem referred the matter to the FDA for initial determination. See 412 U.S. at 652–54, 93 S.Ct. 2488. The question whether the drug is to be recognized as 'safe and effective' or was 'grandfathered in' are 'the kinds of issues peculiarly suited to initial determination by the FDA.' Id. at 653, 93 S.Ct. at 2494."

Subsequent to the Circuit Court's remand to this Court, counsel for the defendants admitted in open court that the FDA, in determining Laetrile * to be a new drug, had failed to create an administrative record consonant with the procedures outlined in the Administrative Procedure Act or in accordance with the rule-making procedure outlined in the Food, Drug and Cosmetic Act at 21 U.S.C. § 371. In so doing the FDA has left little to be reviewed beyond its bare determination. Under such circumstances there would be much injustice in sustaining the FDA's unsupported conclusion while, on remand, it sought ex post facto to muster evidence in support of such conclusion.

Viewing the agency's description of Laetrile as a "new drug," from the standpoint of the judicial review standards outlined at 5 U.S.C. § 706, the Court would be compelled to find such determination to be "unsupported by substantial evidence," and to conclude that the agency had failed to comply with its burden of proof in this matter.

---

* The Court finds from the record that Laetrile, Amygdalin and Vitamin B–17 are all one in the same, and the term Laetrile will be used to represent all three.

In the above-quoted Opinion, the Circuit Court emphasizes that Laetrile is not to be considered a "new drug" under the law merely because the FDA has said so, but rather that said determination must be supported by substantial evidence. The statutory presumption in favor of administrative determinations is based on the premise that such determinations are presumed to be supported by substantial evidence until a reviewing court has determined otherwise. Such presumption was overcome when FDA counsel admitted that no competent administrative record had ever been developed in support of the agency's determination. As a matter of law then, such determination is not supported by substantial evidence and cannot be sustained. *Nickol v. United States*, 501 F.2d 1389 (10th Cir. 1974); *Heber Valley Milk Co. v. Butz*, 503 F.2d 96 (10th Cir. 1974); *Bailey v. Weinberger*, 380 F.Supp. 863 (D.C. Kan.1974).

Having ascertained, during the December 30, 1976, hearing, that a competent administrative record did not exist, the Court then requested that the FDA make available to the Court the written basis for the agency's determination with regard to Laetrile, no matter how casual or unstructured its form or content might be; whereupon the Court was advised that no such rationale existed in any form. Clearly, federal agencies may not rule by fiat invoking only some unexplained application of their own expertise in defense of policy decisions they have made. *Chemical Leaman Tank Lines, Inc. v. United States*, 368 F.Supp. 925 (D.C.Del.1973). Based on the complete absence of any evidence tending to establish a rational basis for the agency's determination, the Court would also be compelled to find, in applying the standards of 5 U.S.C. § 706, that the agency's determination was "arbitrary, capricious," and represented "an abuse of discretion," and that it should also be overturned for these additional reasons.

In consideration of the fact, however, that the lack of an administrative record precludes judicial review at this time in any meaningful sense, and in order to grant both sides an opportunity to fully prepare and present their respective points of view, and consistent with the Circuit Court Opinion in this matter, the Court has determined that this case should be remanded to the FDA so that an administrative record can be constructed and a meaningful judicial review subsequently held. In view, however, of the complete absence of any good-faith agency record in support of its position in this case, as the record here is not merely incomplete, but virtually nonexistent; and in appreciation of the fact that depriving a terminally ill cancer patient of a substance he finds therapeutic, whether such benefit is physical or psychological, creates the very real risk that irreparable injury might be sustained.

IT IS HEREBY ORDERED, pursuant to 5 U.S.C. § 705, that while this case is on remand to the FDA, and until such time as the FDA proffers to the Court an administrative record containing substantial evidence in support of its determination that Laetrile is a "new drug" under the terms of the relevant statute, such determination is held to be without force or effect as to the plaintiff class in this case, and defendant FDA is hereby enjoined and restrained from preventing plaintiffs' importation or interstate transportation of Laetrile for purposes of their own consumption under the terms of the Food and Drug Act, including § 505(a) of the Act, 21 U.S.C. § 355(a).

IT IS FURTHER ORDERED that on remand an administrative record shall be developed within 120 days from the date hereof, and a copy of such record and administrative determinations resulting therefrom shall be filed with the Clerk of this Court and the plaintiffs within 30 days thereafter.

Such administrative hearing should be concerned with the issue of whether Laetrile is exempt from the "new drug" application requirements of the Food and Drug Act, § 505(b), 21 U.S.C. § 355(b), by virtue of the "grandfather" clauses, and also with the issue of whether Laetrile is "safe and effective," as set out in the Circuit Court Opinion.

The plaintiffs herein have moved this Court for an Order directing the FDA to hear testimony and evidence of Dr. Dean Burk, Washington, D. C., and Dr. Ernest Krebs, Jr., San Francisco, California, as experts in their field, and also evidence and testimony of Mike Culbert, Edward Griffin and Mike Spencer, as research historians. This Court is without authority to enter such an Order; however, the Court believes that the FDA might desire to invite these persons to participate in the administrative proceedings and to receive into evidence their views with reference to the history and safety and effectiveness of Laetrile.

Pursuant to the request of the plaintiffs and based upon the pleadings and evidence in this case, it is hereby determined that this suit meets the class action requirements of Rule 23, Federal Rules of Civil Procedure, and therefore,

IT IS FURTHER ORDERED that this suit shall be certified and hereafter treated as a class action.

