Omer E. (Ed) KEENE, and Ruby J. Estes, Individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

UNITED STATES of America and Joseph A. Califano, Secretary of Health, Education and Welfare, Defendants.

Civ. A. No. 76–0382.

United States District Court,
S. D. West Virginia,
Huntington Division.

Feb. 14, 1979.

Joseph Martorella, Huntington, W. Va., for plaintiffs.

James S. Arnold, Asst. U. S. Atty., Charleston, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

In this action Plaintiffs seek declaratory and injunctive relief to establish their right to obtain and use laetrile (Vitamin B17, amygdalin) without governmental interference for the purpose of treating cancer. The action was instituted in October, 1976, on behalf of the named Plaintiffs[1] and a purported class of similarly situated individuals. By this Court's order of February 18, 1977, the following class was conditionally certified pursuant to *Rule* 23(b)(2) of the Federal Rules of Civil Procedure:

> "All those persons who, having been diagnosed as afflicted with terminal cancer, and who desire to use laetrile as part of their treatment, and who because of law

---

1. Mr. Omer E. "Ed" Keene, a victim of cancer, died during the pendency of this suit.

or government regulation have been unable to obtain laetrile in adequate quantities for alleged therapeutic purposes."

Plaintiffs contend that the right of privacy founded in the United States Constitution encompasses the right of a person with terminal cancer to elect, in consultation with his physician, to take laetrile. Asserting this argument before the Court, the Plaintiffs have moved for summary judgment. Defendants have moved for dismissal of the instant action. They have directed the Court's attention to litigation originating in the United States District Court for the Western District of Oklahoma, apparently involving the same plaintiff class as certified herein, the same defendants, and in which the same issues have been and are being litigated. *Rutherford v. United States of America*, 399 F.Supp. 1208 (W.D. Okl.1975), *aff'd and remanded*, 542 F.2d 1137 (10th Cir. 1976), *on remand*, 424 F.Supp. 105 (W.D.Okl.1977), 429 F.Supp. 506 (W.D.Okl.1977), 438 F.Supp. 1287 (W.D.Okl. 1977), *aff'd on other grounds, Rutherford v. United States*, 582 F.2d 1234 (10th Cir. 1978).[2]

In support of their motion to dismiss, Defendants argue: (1) that in *Rutherford*, 438 F.Supp. 1287, the plaintiff class was awarded the relief sought herein and, therefore, that judgment is binding on all members of the class in the case at bar; and (2) that the interests of "judicial economy" require that this action be dismissed inasmuch as the interests of the Plaintiff class herein have been adequately asserted in the *Rutherford* proceeding. Defendant's motion compels this Court to examine the character of the *Rutherford* litigation in order to determine the effect, if any, of that action upon the case at bar.

### I.

A final judgment on the merits in a class action generally is binding on all members of the class. *Sosna v. Iowa*, 419

U.S. 393, n. 3, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); Advisory Committee Note to *Rule* 23(c)(3), 28 U.S.C.App. pp. 7765–66, 39 F.R.D. 69, 105–106; 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1789; *see also Restatement of Judgments* § 86 (1942). Such a judgment is binding on all members of the class, whether of a plaintiff or a defendant class, without regard to whether the judgment is favorable to the class. 3B *Moore's Federal Practice*, ¶¶ 23.11, 23.60; 2 Newberg, *Class Actions*, § 2755; *Rucker v. Willis*, 358 F.Supp. 425 (E.D.N.C.), *aff'd. on other grounds* 484 F.2d 158 (1973). Nevertheless, a judgment in a purported class action will not be held to be binding upon absent, unnamed class members unless there has been compliance with the terms of *Rule* 23, Federal Rules of Civil Procedure, and with due process requirements. *See generally*, 2 Newberg, *Class Actions* § 2752. Therefore, whether the judgment in the *Rutherford* litigation precludes this Court from reaching the substantive issues raised herein is a matter for determination by this Court. *See Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 563 (2nd Cir. 1968); *Gonzales v. Cassidy*, 474 F.2d 67 (5th Cir. 1975); 2 Newberg, *Class Actions* § 2755. Application of these principles requires this Court to determine the following issues: (1) whether Plaintiffs in the case at bar are members of the plaintiff class in *Rutherford*; and, if so, (2) whether plaintiffs in *Rutherford* have asserted the same cause of action asserted by Plaintiffs herein; and, if so, (3) whether the proceedings in *Rutherford* comported with the requirements of due process and *Rule* 23 so that Plaintiffs herein are bound by the final judgment in *Rutherford*.

### II.

The plaintiff class in *Rutherford* is comprised of "terminally ill cancer patients." *Rutherford*, 429 F.Supp. 506, 509; 438 F.Supp. 1287; 582 F.2d 1235, 1236 (10th

---

**2.** Reference will be made only to such rulings in the *Rutherford* litigation as are relevant to the case at bar. The pending motions in this case were submitted subsequent to the decision

in *Rutherford*, 438 F.Supp. 1287 and prior to the decision of the Tenth Circuit in 582 F.2d 1234.

Cir., 1978). In the order certifying the class, Judge Bohanon noted that certification was proper because the requirements of *Rule* 23(a) were met and because the "defendants have acted on grounds generally applicable to the class in a way that renders injunctive relief proper." 429 F.Supp. 506, 508. The plaintiff class in *Rutherford*, therefore, was certified pursuant to *Rule* 23(b)(2). Although the phrasing of the certification order herein is not identical to that in *Rutherford*, it is clear peradventure, that the two classes are identical. *Cf. Acree v. Airline Pilots Association*, 390 F.2d 199, 202 (5th Cir. 1968), *cert. denied*, 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122.

The defendants in *Rutherford* are the same as the Defendants herein. Further, review of the various published opinions in *Rutherford* demonstrates that the cause of action asserted by the plaintiff class in that case is identical to the Plaintiffs' cause herein: both challenge the validity of the United States Government's prohibition of laetrile. Indeed, Judge Bohanon ruled on the precise constitutional claim here at issue and held in favor of the plaintiff class:

> "By denying the right to use a nontoxic substance [laetrile] in connection with one's own personal health-care, FDA has offended the constitutional right of privacy." 438 F.Supp. 1287, 1301 (footnote omitted).

In accordance with that holding, Judge Bohanon ordered the defendants and their agents enjoined and restrained from, inter alia:

> "Interfering with the use of Laetrile (Amygdalin) for the care or treatment of cancer by a person who is, or believes he is, suffering from the disease." 438 F.Supp. 1287, 1301.

On review, the Court of Appeals for the Tenth Circuit stated the issue to be:

> "[W]hether the plaintiffs, a *class of terminally ill cancer patients*, should be allowed to acquire Laetrile for their own use intravenously despite the Act's [the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301, et seq.] requirements that 'safety' and 'effectiveness' be established for the approval of a 'new drug'. We conclude as a matter of law that the 'safety' and 'effectiveness' terms used in the statute have no reasonable application to terminally ill cancer patients, and have no established meaning when considered in that context." *Rutherford v. United States*, 582 F.2d at 1235–36 (10th Cir., 1978).

The Court went on to hold:

> "[A]s a matter of law that the 'safety' and 'effectiveness' requirements of the statute as now written have no application to terminally ill cancer patients who desire to take the drug intravenously." *Id.* 582 F.2d at 1237.

The Court expressly declined to address the constitutional determination made by Judge Bohanon. Nevertheless, on the basis of its holding, the Court upheld the injunctive relief granted by the district court.[3]

It is incontestable that the *Rutherford* litigation has resulted in a final[4] judgment on the merits by a court of competent jurisdiction in an action between the same parties as are before this Court, and in which the same arguments raised in this Court have been litigated. Therefore, the final judgment of the Tenth Circuit in *Rutherford* is binding upon the parties in the instant action provided that the proceedings in *Rutherford* comported with the terms of *Rule* 23 and with due process requirements.

---

**3.** The Court upheld the permanent injunction granted by the district court, but limited the relief to permit procurement of laetrile only in the form of intravenous injections administered by a licensed medical doctor to persons certified by a licensed medical doctor to be terminally ill with cancer.

**4.** The pendency of an appeal to the United States Supreme Court from the judgment of the Court of Appeals for the Tenth Circuit would not vitiate the finality of that court's decision for purposes of determining the binding effect of that judgment on the Plaintiff class herein. *See* 1B *Moore's Federal Practice*, ¶ 0.416[3] and cases cited therein at notes 11 and 12.

## III.

It appears to this Court that the requirements of *Rule* 23 were complied with in all respects in *Rutherford*. None of the parties to the case at bar has contended that the judgment in *Rutherford* is not binding upon the Plaintiffs herein by virtue of any alleged defects in the proceedings in that case. Moreover, review of the published opinions in *Rutherford* indicates that the certification and maintenance of the class action therein complied with the terms of *Rule* 23. Judge Bohanon expressly found that the requirements of *Rule* 23(a) and (b)(2) were satisfied. 429 F.Supp. 506 at 508. It, therefore, appears to this Court that maintenance of the class action was proper in *Rutherford*.

■ It further appears to this Court that the particular requirements of due process which arise in the class action context were satisfied in *Rutherford*. As a prerequisite to class certification, *Rule* 23(a) requires a finding that the class representative will provide adequate representation of the entire class. This finding was made by the Court in *Rutherford*, 429 F.Supp. 506 at 508.[5] Additionally, in order to hold unnamed, absent class members bound by a judgment in a prior class action the Court must determine whether the class representative's conduct of the entire action was such that due process would not be violated by giving binding effect to the judgment in that prior action. *Gonzales v. Cassidy, supra;* 2 Newberg, *Class Actions* § 2755c; *Cf.*

*Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). The general test of the adequacy of the representation in a class action was stated by the Court in *Gonzales* : whether the class representative, through qualified counsel, "vigorously and tenaciously protected the interests of the class." *Gonzales* at 75. In light of the success that the Plaintiff class has achieved in *Rutherford*, this Court cannot find that the representation in that case was inadequate.[6]

Another element that may be determinative of the binding effect of a class action in a subsequent proceeding is notice. There is no evidence before this Court indicating whether the Court in *Rutherford* required that notice of the proceedings or judgment in that action be directed to unnamed and absent class members. It appears to this Court that such notice was not required in *Rutherford*. Although *Rule* 23(c)(2) requires that notice be given to absent class members in *Rule* 23(b)(3) actions, *Rule* 23, by its terms, does not mandate notice to absent, unnamed class members in (b)(1) or (b)(2) actions. The special considerations that are the basis for the notice requirement in (b)(3) actions generally are not present in (b)(1) or (b)(2) actions.[7]

■ *Rule* 23(d)(2) vests the Court with authority, exercisable in the Court's discretion, to require notice in (b)(1) and (b)(2) actions. The Court, however, is not compelled to exercise this discretion to order notice in a (b)(2) action in which a plaintiff class challenges the validity of a govern-

5. Necessarily implied in the court's finding are findings that: the interests of the representatives were the same as the interests of the entire class; the representatives would vigorously pursue the claims of the entire class; and, that the representative's counsel was experienced, qualified and able to handle the litigation.

6. Adequacy of representation in any particular case is a function of several factors; success by the class on the merits is not the sole hallmark. *Cf.* 7 Wright & Miller, *Federal Practice and Procedure: Civil* §§ 1765–1769; *Gonzales v. Cassidy, supra.* Nonetheless, the absence of any suggestion that the *Rutherford* class representative's conduct was deficient in any manner coupled with the success of the class on the

merits in that case compels this Court to conclude that the representation was, in fact, more than adequate.

7. In *Rule* 23(b)(1) and (b)(2) actions the class generally will be more cohesive than in (b)(3) actions; it is less likely that there will be special defenses or issues relating to individual members of (b)(1) and (b)(2) classes; there is no possibility of "opting out" of (b)(1) and (b)(2) classes; and, in many instances, a member of a (b)(1) or (b)(2) class is affected by a judgment, as a practical matter, in the same way as if the judgment was obtained in another member's individual action. 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1786.

ment regulation, and seeks only declaratory and injunctive relief. *See Doe v. Flowers*, 364 F.Supp. 953, 954 (N.D.W.Va.1973) (3 judge court), *aff'd. mem.*, 416 U.S. 922, 94 S.Ct. 1921, 40 L.Ed.2d 279 (1974). The requirement of notice in such a (b)(2) class action is especially inappropriate in actions, exemplified by the case at bar and *Rutherford*, where: the plaintiff class is nationwide in scope and is comprised of a presumably very large but incalculable number of persons; and, there is no reasonable method of identifying or locating the absent members of the class as defined. *See* 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1793. Moreover, little or no purpose would be served by any notice being purportedly directed at the specifically defined but pragmatically amorphous class involved in *Rutherford* and the case at bar. The impracticability of providing *effective* notice in this context, therefore, mitigates against the requirement of such a futile exercise. In the context of the (b)(2) class actions in *Rutherford* and the case at bar, a court is not required to exercise its discretion under *Rule* 23(d)(2) to require notice to absent, unnamed class members.

Notwithstanding the lack of an explicit direction in the text of *Rule* 23, there is a conflict of authority as to whether due process requires notice to be given to absent, unnamed class members in (b)(1) and (b)(2) class actions in order for a judgment to be binding on those unnamed, nonparticipating class members in a subsequent action.[8] After extensive review of the legal authorities, this Court agrees with the statement of Professor Wright:

"the better view is that there is no constitutional requirement of notice to members of the class in (b)(1) or (b)(2) actions." Wright, *Handbook of the Law of Federal Courts*, § 72 (1976), *citing Mattern v. Weinberger*, 519 F.2d 150, 157–158 (3rd Cir. 1975), *vacated on other grounds*, 427 U.S. 987, 96 S.Ct. 2196, 48 L.Ed.2d 812 (1976); *Frost v. Weinberger*, 515 F.2d 57, 65 (2nd Cir. 1975), *cert. denied*, 424 U.S. 958 (1976); *Childs v. U. S. Board of Parole*, 167 U.S.App.D.C. 268, 511 F.2d 1270, 1276 (D.C.Cir. 1974); *Hammond v. Powell*, 462 F.2d 1053, 1055 (4th Cir. 1972); and cases cited 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1786, n. 99.[9]

8. *Compare, Wetzel v. Liberty Mutual Insurance Company*, 508 F.2d 239, 254–57 (3rd Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Bachman v. Collier*, 73 F.R.D. 300, 306 (D.D.C.1976); *Schrader v. Selective Service System, Local Board No. 76 of Wisconsin*, 329 F.Supp. 966, 967 (W.D.Wis.1971); *with, Schrader v. Selective Service System, Local Board No. 76 of Wisconsin*, 470 F.2d 73 (7th Cir.) *cert. denied*, 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972) (reversing 329 F.Supp. 966); *Pasquier v. Tarr*, 318 F.Supp. 1350 (E.D. La.1970), *aff'd.*, 444 F.2d 116 (5th Cir. 1971). *See also Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 564 (2nd Cir. 1968) (dictum).

9. Professor Wright further notes that the contrary view, as exemplified in *Schrader v. Selective Service System Local Board No. 76 of Wisconsin*, 470 F.2d 73, 75 (7th Cir.), *cert. denied*, 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972), was based upon the Second Circuit's dictum in *Eisen, supra*, at 564, which has since been repudiated by that court. *Frost v. Weinberger, supra*, 65.

Other courts have refused to allow persons who were absent class members in prior (b)(2) actions, which resulted in a judgment in favor of a plaintiff class and in which no notice to absent members issued, to invoke the prior

class judgment against the same defendant in a subsequent suit based upon the same cause of action. *E. g., Pasquier v. Tarr, supra*. In *Pasquier* the court recognized that the plaintiff-class member had no objection to the lack of notice in the prior action, nevertheless, it refused to allow plaintiff to assert the prior judgment as res judicata because the lack of notice in the prior action violated due process requirements. The Court reasoned that, because of the lack of notice in the prior action, the plaintiff-class member would not have been bound by a judgment against the class in the prior action. Therefore, to allow the plaintiff to assert the prior class judgment offensively in a subsequent suit was viewed as violating "fundamental fairness." *Pasquier*, 318 F.Supp. 1350, 1354. This rationale raises a variant of the specter of mutuality. It appears to this Court that the rationale stated by the *Pasquier* court has been undermined by the holding in *Parklane Hosiery Co. v. Shore*, —— U.S. ——, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The defendants in *Pasquier*, like the defendants herein, have had their "day in court" on the same issues involved in both cases. Of course, there is no question of the offensive use of the prior judgment involved in the case at bar. Plaintiffs do not assert the *Rutherford* judg-

Any failure of the Court in *Rutherford* to require notice to be directed to the absent, unnamed members of the class therein does not deprive the judgment in that action of its validity. Further, the due process rights of the unnamed and absent members of the class in *Rutherford* are not violated by holding all members of that class bound by the final judgment therein.

## IV.

Professor Wright states:

"It is clearly contemplated that every judgment in every class action will bind all of the members of the class except for those who have asked to be excluded in a (b)(3) action." Wright, *Handbook of the Law of Federal Courts*, § 72 (1976) (footnote omitted).

Moreover, an absent class member in a *Rule 23* action is considered to be, according to traditional res judicata notions, a party by representation and will be bound by the judgment the same as an actual party. 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1789, n. 31, *citing, Restatement of Judgments* § 86 (1942). As previously stated, the binding effect of such a judgment on absent, unnamed class members is conditioned upon compliance with terms of *Rule 23* and with due process requirements. In summary, then, it appears to this Court that the proceedings in the *Rutherford* litigation complied with *Rule 23* and due process requirements and thereby "fairly insure[d] the protection of the interests of absent parties who are to be bound by" that final judgment. *Hansberry v. Lee, supra*, 311 U.S. at 42, 61 S.Ct. at 118.

■ Having determined that the Plaintiffs before this Court may fairly be considered to have been parties by representation in *Rutherford*, and, therefore, bound by the final judgment therein, the Court is ineluctably led to the ultimate conclusion: this action is barred by the traditional doctrine of res judicata. "Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hoisery Co. v. Shore, supra*, —— U.S. at ——, n. 5, 99 S.Ct. at 649, n. 5, 58 L.Ed.2d 552 n. 5. The judgment in *Rutherford*, therefore, is an absolute bar in this action "not only in respect of every matter which was actually offered and received to sustain the demand or to make out a defense, but also as to every ground of recovery or defense which might have been presented," in *Rutherford*. *Acree v. Airline Pilots Association, supra*, at 203, *citing, Mendez v. Bowie*, 118 F.2d 435, 440 (1st Cir.), *cert. denied*, 314 U.S. 639, 62 S.Ct. 76, 86 L.Ed. 513 (1941); *see* 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1789.[10] The simple fact is that the defendants and the plaintiffs, through the class representatives in *Rutherford*, have had a full and fair opportunity to litigate the claims and defenses in this case. This Court will not allow them to do so again.

In accordance with the foregoing, the Court makes the following findings of fact and conclusions of law:

1. The Plaintiffs in the case at bar are members of the plaintiff class in *Rutherford* and, accordingly, the class representatives in *Rutherford* were acting on behalf of the Plaintiffs in the case at bar.

ment herein, instead, they seek, in effect, an advisory opinion on the issue already concluded between the parties. The Court offers this analysis only to buttress its conclusion that any lack of notice in *Rutherford* would not abrogate the binding effect of the judgment therein on all parties to the case before this Court. *See* 2 Newberg, *Class Actions* § 2760.

10. Plaintiffs before this Court challenge the prohibition of laetrile on a single ground: that it violates the constitutional right of privacy. Judge Bohanon granted the plaintiff class relief on this basis in *Rutherford*. The Court of Appeals for the Tenth Circuit appeared to have

avoided resolution on this expressed constitutional issue and yet based its holding upon an analysis of statutory goals *vis-à-vis* effective regulation of the right to use a questionably efficacious drug for therapy of terminal illness. Implicitly, that court employed the familiar two-step analysis to test the validity of regulation of a fundamental personal right. Notwithstanding the Court of Appeals' refusal to address the right of privacy issue explicitly, this Court nevertheless has no occasion to rule on the right of privacy issue because of the operation of res judicata. *See* 1B *Moore's Federal Practice*, ¶ 0.416[2] at n. 10.

2. The Defendants in the case at bar are the same Defendants as in *Rutherford.*

3. The cause of action asserted by Plaintiffs in the case at bar is the same as that asserted in *Rutherford.*

4. The proceedings in *Rutherford,* insofar as is relevant to the judgment herein, complied with the requirements of *Rule* 23, Federal Rules of Civil Procedure.

5. The class representatives in *Rutherford* adequately represented the interests of the entire plaintiff class, which necessarily includes the Plaintiffs before this Court.

6. The Plaintiffs and the Defendants in the case at bar are bound by the final judgment in *Rutherford.*

Accordingly, the Court having found that the parties herein are bound by the final judgment in *Rutherford,* it is hereby ORDERED that this case be dismissed from the docket of this Court.