**Donald NICHOLS, et al.**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.**

No. 3–86–0486.

United States District Court, M.D. Tennessee, Nashville Division.

Nov. 25, 1992.

Nader Baydoun, John I. Harris, III, Baydoun, Harris & Reese, Kenneth Ray Jones, Jr., Sherrard & Roe, Nashville, TN, for plaintiffs in Nichols.

David Creswell Andrew, Leonard Hearne Armistead, III, Anthony Michael Iannacio, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, TN, N. Lee Cooper, A. Inge Selden, III, Maynard, Cooper, Frierson & Gale, Birmingham, AL, Leo M. Bearman, Roy Keathley, Frierson M. Graves, Jr., Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, TN, Thomas H. Peebles, III, Trabue, Sturdivant & DeWitt, Nashville, Patricia McGee, Michael Edwards, Balch & Bingham, Birmingham, AL, for defendants.

Ames Davis, Robert Earl Boston, Waller, Lansden, Dortch & Davis, Nashville, TN, Alex S. Lacy, J. Vernon Patrick, Patrick & Lacy, Birmingham, AL, for plaintiffs in McInnis.

---

## MEMORANDUM

HIGGINS, District Judge.

The Court has before it the defendant Merrill Lynch, Pierce, Fenner & Smith's motion (filed August 24, 1992; Docket Entry No. 539) for summary judgment; Merrill, Lynch's supplemental motion (filed September 18, 1992; Docket Entry No. 544) for summary judgment; the motion (filed September 21, 1992; Docket Entry No. 546) for summary judgment filed on behalf of the defendants Sandestin Beach Hotel, Inc., Sandcastle Resort of Sandestin, Inc., Frank L. Flautt, Jr., William Jefferies Mann, Wilton D. Hill, Morton Olshan, Fred V. Alias, William Alias, Jr. and Robert Kamm (collectively the SBH defendants); the plaintiffs' response (filed October 13, 1992; Docket Entry No. 550) to defendants' motions for summary judgment; Merrill Lynch's reply (filed October 28, 1992; Docket Entry No. 552) to plaintiffs' response to their motion for summary judgment; the reply (filed October 29, 1992; Docket Entry No. 553) of the SBH defendants to the plaintiffs' response to their motion for summary judgment; and the briefs, statements of uncontested facts and memorandum in support thereof.

For the reasons discussed below, the Court grants the defendants' motions for summary judgment.[1]

### I. BACKGROUND [2]

This action was filed on May 30, 1986. It was consolidated for all pretrial matters, including discovery, with *McInnis v. Merrill Lynch, Pierce, Fenner & Smith,* 821 F.Supp. 1243, a class action. All of the individual plaintiffs in this action are members of the class of plaintiffs in *McInnis.* All of the defendants are either defendants in *McInnis* or "are affiliated with the common defendants and have interests that are essentially the same as those of the common defendants." Plaintiffs' Local Rule 8(b)(7)(c) statement (filed October 13, 1992; Docket Entry No. 551) in response to defendants' motions for summary judgment at 1–2. Pursuant to a joint motion by plaintiffs' counsel for both the *McInnis* and *Nichols* plaintiffs, the Court postponed the trial of *Nichols* until after the trial of *McInnis* because of the similarity of the issues in the two cases. *See* plaintiffs' response at 2; transcript of July 8, 1991, pretrial conference at 62–63, filed as exhibit 3 to Merrill Lynch's reply.

*McInnis* was tried before the Court from September 23, 1991, through the close of the plaintiffs' proof on October 28, 1991. The defendants moved orally to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure at the close of the plaintiffs' proof. The Court granted the defendants' motions by order (Docket Entry No. 462) entered on July 17, 1992.[3] The Court dismissed the *McInnis* plaintiffs' federal and state securities claims, state fraud claims, and breach of fiduciary duty claims on statute of limitations grounds. The Court dismissed their breach of contract claim having found no material breach. *Id.*

*Nichols* is currently before the Court on the defendants' motions for summary judgment. The defendants argue primarily that the principles of res judicata apply to bar the plaintiffs' claims. In the alternative, the defendants also argue that the applicable statutes of limitations have run, that there is no basis in law for certain of the plaintiffs' claims, and that the plaintiffs' RICO claim has already been found by this Court to be without merit. *See, e.g.,* Merrill Lynch's supplemental motion at 1.

The plaintiffs respond that this Court cannot determine whether its opinion in *McIn-*

---

**1.** The plaintiffs' claims against the defendant, Laventhol & Horwath, have been severed and the proceedings against Laventhol & Horwath have been stayed while the defendant is in bankruptcy. *See* order entered November 27, 1990 (Docket Entry No. 405).

**2.** For a more complete factual history and description of the parties in this action, see this Court's previous opinions in this case, *Nichols v. Merrill Lynch, Pierce, Fenner & Smith,* 706

F.Supp. 1309 (M.D.Tenn.1989), and in the companion case, *McInnis v. Merrill Lynch, Pierce, Fenner & Smith,* 706 F.Supp. 1355 (M.D.Tenn. 1989).

**3.** By its terms, this order was not made final, and judgment was not entered until a subsequent order (entered August 21, 1992; Docket Entry No. 479) was entered. This Court's opinion in *McInnis* is currently on appeal to the Sixth Circuit Court of Appeals.

*nis* is entitled the preclusive effect of res judicata until the Court of Appeals rules. Only then will the Court be able to determine whether the *McInnis* class representatives adequately represented the interests of the remaining class members. Plaintiffs' response at 1. However, assuming adequate representation, the plaintiffs concede that the claims asserted in *McInnis* are barred by res judicata and that all their remaining claims other than their claim for constructive trust are barred by collateral estoppel. *Id.* at 9–12.

## II. DISCUSSION

■ The plaintiffs acknowledge the general rule that the pendency of an appeal does not preclude a judgment from being given res judicata effect. Plaintiffs' response at 4; *see Deposit Bank of Frankfort v. Board of Councilmen,* 191 U.S. 499, 24 S.Ct. 154, 48 L.Ed. 276 (1903). However, they argue that because *McInnis* is a class action, and the *Nichols* plaintiffs are only passive members of the class, res judicata effect can be given to *McInnis* only after the interests of the passive members have been determined to have been represented adequately throughout the entire litigation, including the appeal. Plaintiffs' response at 4–5. The Court does not agree.

■ It is true that "the judgment in a class action will bind only those members of the class whose interests have been adequately represented by existing parties to the litigation." *Sam Fox Pub. Co. v. United States,* 366 U.S. 683, 691, 81 S.Ct. 1309, 1314, 6 L.Ed.2d 604, 610–11 (1961) (citing *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). The plaintiffs' argument that this duty necessarily extends through the appeal of the case (and therefore that no class action can be given res judicata effect until the final appellate court has rendered

its decision) relies primarily on *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir.1973).

In *Gonzales,* the Fifth Circuit held that the class representative in a prior litigation did not represent the class adequately when he failed to appeal the district court's order denying retroactive relief to all members of the class except himself. *Id.* at 75. According to the Court,

> the primary criterion for determining whether the class representative has adequately represented his class for purposes of res judicata is whether the representative, through qualified counsel, vigorously and tenaciously protected the interests of the class. A court must view the representative's conduct of the entire litigation with this criterion in mind.

*Id.* The plaintiffs' reading of *Gonzales* is too broad.[4] Nowhere does the Court even attempt to disturb the general rule that the pendency of an appeal will not prevent an opinion from being given res judicata effect.

Cases since *Gonzales* have explicitly applied the general rule to class actions. *In re TransOcean Tender Offer Securities Litigation,* 427 F.Supp. 1211 (N.D.Ill.1977), involved "similar plaintiffs and similar claims" as a previously filed state court class action, *Lynch v. Vickers Energy Corp.,* 351 A.2d 570 (Del.Ch.1976), and "some 187 [plaintiffs] before this Court who opted out of *Lynch.*" *TransOcean,* 427 F.Supp. at 1214–15. The plaintiffs had "take[n] the position that, having been appealed, the decision cannot be regarded as final." *Id.* at 1215. The *Lynch* action was at that time "pending on appeal in the Supreme Court of Delaware." *Id.* at 1215 n. 6. However, "the [district] court conclude[d] that the principles of res judicata bar the state law claims raised ... by those members of the class of plaintiffs who did not opt out of *Lynch.*" *Id.* at 1215. "The federal rule and the rule followed by a majority of the states is to the same effect as the Re-

---

4. *Gonzales* is distinguishable also because in that case the class representative in the preceding litigation represented approximately 150,000 absent class members. *Gonzales,* 474 F.2d at 76. In this case, by contrast, the *Nichols* plaintiffs

were represented during the trial of *McInnis* by separate counsel who entered an appearance on their behalf. *See* notice of appearance, filed as exhibit 1 to Merrill Lynch's reply (filed October

statement [of the Law of Judgments]." [5]  *Id.* at 1216.

Similarly, the district court in *Keene v. United States,* 81 F.R.D. 653, 656 (S.D.W.Va. 1979) found that "[i]t is uncontestable that the [prior] litigation has resulted in a final judgment on the merits by a court of competent jurisdiction in an action between the same parties as are before this Court, and in which the same arguments raised in this Court have been litigated." In a footnote, the court stated that "[t]he pendency of an appeal to the United States Supreme Court from the judgment of the Court of Appeals for the Tenth Circuit would not vitiate the finality of that court's decision for purposes of determining the binding effect of the judgment on the Plaintiff class herein." *Id.* at 656 n. 4.

From these cases, the Court finds that the plaintiffs' argument that it should await the decision of the Court of Appeals before giving res judicata effect to its decision in *McInnis* is without merit. The Court will now discuss the res judicata effect of its decision in *McInnis* on the present plaintiffs.

The defendant Merrill Lynch briefly and accurately sets forth the scope of the doctrine of res judicata in its motion for summary judgment. Res judicata encompasses two concepts: claim preclusion and issue preclusion. The Court of Appeals in *Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* 575 F.2d 530 (5th Cir.1978) cogently summarized both concepts:

> The rules of *res judicata,* as the term is sometimes sweepingly used, actually comprise two doctrines concerning the preclusive effect of a prior adjudication. The first such doctrine is "claim preclusion," or true *res judicata.* It treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action."

When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits on identical entitlements or obligations between the same parties, accompanied, as they would be, by the redetermination of identical issues of duty and breach.

> The second doctrine, collateral estoppel or "issue preclusion," recognizes that suits addressed to particular claims may present issues relevant to suits on other claims. In order to effectuate the public policy in favor of minimizing redundant litigation, issue preclusion bars the relitigation of issues actually adjudicated, and essential to the judgment, in a prior litigation between the same parties. It is insufficient for the invocation of issue preclusion that some question of fact or law in a later suit was relevant to a prior adjudication between the parties; the contested issue must have been litigated and necessary to the judgment earlier rendered.

*Id.* at 535–36 (citations omitted). *See also Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660–61 (6th Cir. 1990), *petition for cert. filed,* October 9, 1992 (No. 92–6203).

Given this background, the Court's earlier finding that its opinion in *McInnis* is entitled to res judicata effect, and the plaintiffs' concession that all their claims other than one claim for constructive trust are barred (*see* plaintiffs' response at 9–12), the Court now

---

28, 1992; Docket Entry No. 552) to the plaintiffs' response to the motion for summary judgment.

**5.** The court in *TransOcean* quotes the Restatement § 41, comment d, as "provid[ing], inter alia, that '[w]hether the taking of proceedings in an appellate court deprives the judgment of its conclusive effect in another action depends upon whether the taking of such proceeding operates to vacate the judgment.' " *In re TransOcean*

*Tender Offer Securities Litigation,* 427 F.Supp. 1211, 1216 n. 7 (N.D.Ill.1977). The court quotes the Restatement, Second, § 41, comment f, as "provid[ing], inter alia, that a 'judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.' " *TransOcean,* 427 F.Supp. at 1216 n. 7.

finds that all of the plaintiffs' claims are barred by the res judicata effect of the Court's prior opinion in *McInnis*.

The plaintiffs' constructive trust claim against the SBH defendants asserts essentially that the "defendants purchased the property known as the townhouse site and the hotel expansion site with funds advanced by the *Nichols* plaintiffs and the other investors, but retained ownership of that site for themselves, without adequately disclosing that fact to the investors." Plaintiffs' response at 11. The plaintiffs argue that this claim should not be barred because it is subject to at least the Tennessee three-year statute of limitations for property damage torts, Tenn.Code Ann. § 28–3–105, and therefore, would not be barred. Plaintiffs' response at 12. Plaintiffs are mistaken in their reliance on the statute of limitations defense. Under the terms of claim preclusion, this claim, too, is barred. It could have been brought in the *McInnis* action, but was not. The plaintiffs are barred from asserting it now.

### III. CONCLUSION

For the reasons stated above, the Court grants the defendants' motions for summary judgment. This action is barred by the res judicata effect of the Court's prior opinion in *McInnis*.

An appropriate order shall be entered.